THE MAIDS INTERNATIONAL, INC v SAUNDERS, INC

Docket No. 192586. Submitted April 10, 1997, at Detroit. Decided July 15, 1997, at 9:15 A.M. Leave to appeal sought.

The Maids International, Inc., an out-of-state franchisor, brought an action in the Oakland Circuit Court against Saunders, Inc., and David T. and Lori N. Saunders to recover fees and royalties allegedly due the plaintiff under franchise agreements it had with the defendants. The defendants moved for summary disposition on the basis that the franchise agreements were in violation of the provisions of the Franchise Investment Law, MCL 445.1501 et seq.; MSA 19.854(1) et seq., were void and contrary to public policy, and were unenforceable. Relying on an agreement that the plaintiff had entered into with the Attorney General whereby the plaintiff assured that it would cease and desist from selling franchises without first complying with the statutory duty to furnish prospective franchisees with a copy of disclosure documents, the court, Edward Sosnick, J., granted summary disposition for the defendants, concluding that the plaintiff had violated the provisions of the Franchise Investment Law and that, accordingly, the franchise agreements in question were void, contrary to public policy, and unenforceable. The plaintiff appealed.

The Court of Appeals held:

1. Because the record contains sufficient evidence to show that the plaintiff failed to comply with the provisions of the Franchise Investment Law, it is unnecessary to consider the question whether the trial court properly relied on the plaintiff's agreement with the Attorney General in support of it conclusion that there had been a violation of the statute.

2. The plaintiff's failure to comply with the disclosure statement provision of the Franchise Investment Law, MCL 445.1508; MSA 19.854(8), does not render the parties' franchise agreement void or contrary to public policy. The Legislature's enactment of the Franchise Investment Law, while setting requirements for the sale of franchises in the state, evinces an intent by the Legislature that franchisee-franchisor relationships do not violate the public policy of the state. The statute provides its own remedies for the failure to comply with the disclosure statement provision of § 8 in § 31(1),

MCL 445.1531(1); MSA 19.854(31)(1): rescission or damages. Accordingly, the trial court erred in concluding that the plaintiff's failure to comply with the disclosure statement provision of the statute rendered the franchise agreements at issue contrary to public policy, void, and unenforceable and in granting summary disposition for the defendants on that basis.

Reversed and remanded.

FRANCHISES — FRANCHISE INVESTMENT LAW — DISCLOSURE STATEMENTS — PUBLIC POLICY — REMEDIES.

The failure of a franchisor to satisfy the disclosure statement provision of the Franchise Investment Law does not render any resulting franchise agreement contrary to public policy and void; the statutory remedies for the failure to comply with the disclosure statement provision are rescission or damages (MCL 445.1508, 445.1531[1]; MSA 19.854[8], 19.854[31][1]).

*Colombo & Colombo* (by *Robert Y. Weller* and *Patrick J. Ennis*), for the plaintiff.

*Raymond & Prokop, P.C.* (by *Stephen M. Ryan* and *Jeffrey J. Mayer*), for the defendants.

Before: MCDONALD, P.J., and REILLY and O'CONNELL, JJ.

MCDONALD, P.J. Plaintiff, The Maids International, Inc., is a Nebraska-based franchisor that sold franchises to defendants and brought this action to recover fees and royalties allegedly due under the franchise agreements between the parties. Both parties filed motions for summary disposition. The trial court granted defendants' motion, finding the franchise agreements to be unenforceable because they were illegal as violative of Michigan's Franchise Investment Law (FIL), MCL 445.1501 *et seq.*; MSA 19.854(1) *et seq.* We reverse and remand for further proceedings.

The parties entered into franchise agreements for two franchises in 1988. Defendants agreed to pay

franchise and other fees to plaintiff, who was to provide a unique system relating to the establishment, development, and operation of household maintenance and cleaning services. In 1993, the Michigan Attorney General asserted plaintiff failed to comply with the FIL in offering and selling franchises in Michigan. Specifically the Attorney General alleged plaintiff failed to provide prospective franchisees a copy of disclosure documents, contrary to MCL 445.1508; MSA 19.854(8). Eventually the Attorney General and plaintiff entered into an "Assurance of Discontinuance" whereby plaintiff assured the Attorney General it would not sell franchises without complying with the FIL and that it would offer rescission to all franchisees to whom they had sold franchises.

Plaintiff brought the instant suit in December of 1993 alleging breach of the franchise agreements it had with defendants. The trial court denied plaintiff's motion for summary disposition, finding conflicting evidence existed regarding whether defendants breached the franchise agreements. However, the court granted defendants' motion. In granting the motion, the court relied on the Assurance of Discontinuance and ruled the document indicated the franchise agreements between the parties were in violation of the FIL and therefore contrary to public policy. For this reason, the court held the agreements were unenforceable and plaintiff could not sue for breach.

On appeal, plaintiff first argues the trial court erred in considering the Assurance of Discontinuance as an admission plaintiff violated the FIL. We find it unnecessary to address this claim because, even assuming the trial court's consideration of the document as an

admission was improper, the record contains sufficient evidence to demonstrate plaintiff's violation of the statute. Instead, the determinative issue on appeal is whether the court properly concluded a violation of the FIL rendered the parties' franchise agreements void or unenforceable.

In support of the trial court's conclusion, defendant cites case law setting forth the principle that contracts founded on acts prohibited by a statute, or contracts in violation of public policy, are void. See, e.g., *Mahoney v Lincoln Brick Co*, 304 Mich 694; 8 NW2d 883 (1943); *Skutt v Grand Rapids*, 275 Mich 258; 266 NW 344 (1936); *Jaenicke v Davidson*, 290 Mich 298; 287 NW 472 (1939); *Peeples v Detroit (On Rehearing)*, 99 Mich App 285, 302; 297 NW2d 839 (1980). We have no disagreement with the longstanding validity of these principles. However, we disagree with the trial court's and defendants' application of these principles to the facts of this case.

This case involves a contract to enter into a franchise business and does not involve the enforcement of a contract that calls for the commission of an act that violates either a statute or public policy. Entering into a franchisee-franchisor relationship violates neither public policy nor any statute of which we are aware. Instead, the Legislature has recognized the validity of such business relationships by enacting the FIL. As stated by the Court in *Skutt, supra* at 265, " '[t]he public policy of the government is to be found in its statutes and when they have not directly spoken, then in the decisions of the courts and the constant practice of the government officials' " (citation omitted). Here the Legislature has directly spoken with regard to public policy and the existence of

franchises in its enactment of the FIL. The statute sets forth the various requirements a franchisor must meet in order to sell a franchise in this state. The Legislature also set forth the appropriate penalties for violation of the various requirements. The requirement plaintiff violated in this case, the provision of a disclosure statement, provides as remedies the franchisor's liability for damages or rescission of the franchise agreement. MCL 445.1531(1); MSA 19.854(31)(1); see *Two Men & a Truck/Int'l, Inc v Two Men & a Truck/Kalamazoo, Inc*, 949 F Supp 500 (WD Mich, 1996); *Dynamic Enterprises, Inc v Fitness World of Jackson*, 32 Bankr 509 (Tenn, 1983). There is no support for the trial court's conclusion plaintiff's violation rendered the contract void and unenforceable. Defendants' attempt to use a general public policy argument must fail where the Legislature has clearly addressed the public policy of the matter at issue.

Summary disposition on the grounds the contract was void and unenforceable was improperly granted.

Reversed and remanded for further proceedings. We do not retain jurisdiction.