JOHNSON v QFD, INC

Docket No. 294732. Submitted January 11, 2011, at Detroit. Decided
April 21, 2011, at 9:10 a.m.

Robert and Amanda Johnson brought an action in the Genesee
Circuit Court against QFD, Inc., and others, alleging in part that
QFD had refused to repair defects in the mobile home they
purchased from it and that QFD had violated the Mobile Home
Commission Act (MHCA), MCL 125.2301 *et seq*. Plaintiffs raised
claims of breach of warranty, false advertising, trespass to land,
trespass to chattels, innocent misrepresentation, fraudulent mis-
representation, and constructive eviction, and they sought rescis-
sion and damages. QFD moved for summary disposition, arguing
that the claims sounded in breach of contract and were therefore
time-barred by the one-year limitations period contained in the
parties' contract. The court, Judith A. Fullerton, J., agreed that
this was a contract claim and that it was untimely under the terms
of the contract. Plaintiffs appealed.

The Court of Appeals *held*:

1. The MHCA authorizes the promulgation of administrative
rules concerning the business, sales, and service practices of mobile
home dealers. The rules promulgated under the MHCA specifically
require a mobile home dealer to obtain a license for each location
from which the dealer proposes to operate and require a mobile home
dealer to file separate license applications for each sales location. Any
violation of the MHCA or the regulations promulgated thereunder is
sufficient to give rise to a claim under the act. There was no dispute
that QFD violated the licensing requirements of the MHCA. Plain-
tiffs properly pleaded a claim for rescission on the basis of QFD's
violations.

2. The Uniform Commercial Code (UCC) governs some aspects
of mobile home sales, but the MHCA also applies. Because the
MHCA is more specifically applicable on the facts of this case, its
three-year period of limitations controls over the more general
provision of the UCC that allows parties to shorten the period of
limitations. Therefore, plaintiffs had three years in which to bring
their claim under the MHCA.

Affirmed in part, reversed in part, and remanded.

1. STATUTES — MOBILE HOME COMMISSION ACT — VIOLATIONS.

   The Mobile Home Commission Act (MHCA) authorizes the promulgation of administrative rules concerning the business, sales, and service practices of mobile home dealers; the rules promulgated under the MHCA specifically require a mobile home dealer to obtain a license for each location from which the dealer proposes to operate and require a mobile home dealer to file separate license applications for each sales location; any violation of the MHCA or the regulations promulgated thereunder is sufficient to give rise to a claim under the act (MCL 125.2305[1][b], 125.2321[1]).

2. LIMITATION OF ACTIONS — MOBILE HOME COMMISSION ACT.

   The Uniform Commercial Code (UCC) governs some aspects of mobile home sales, but the Mobile Home Commission Act (MHCA) also applies; when the MHCA is more specifically applicable to the facts of a case, its three-year period of limitations controls over the more general provision of the UCC that allows parties to shorten the period of limitations (MCL 125.2331).

*Shelton Legal Services, PLLC* (by *Steven E. Shelton*), for Robert and Amanda Johnson.

*Swistak & Levine, P.C.* (by *I. Matthew Miller*), for QFD, Inc.

Before: JANSEN, P.J., and OWENS and SHAPIRO, JJ.

JANSEN, P.J. Plaintiffs appeal by right the trial court's grant of summary disposition in favor of defendant QFD, Inc.[1] We reverse in part and remand for further proceedings consistent with this opinion.

I

In this case of first impression, we are required to interpret and apply certain provisions of Michigan's

---

[1] All claims against defendant Homefirst, L.L.C., have been dismissed with prejudice. Homefirst is not involved in the present appeal. Similarly, defendants Winkelman, Lipschutz, Lewis, Karbal, Smith, and Meadow Creek Limited Partnership have all been dismissed by stipulation of the parties and are not involved in this appeal.

Mobile Home Commission Act (MHCA), MCL 125.2301 *et seq.* Specifically, we are asked to determine whether plaintiffs were entitled to sue QFD under MCL 125.2331 for rescission of their agreement to purchase a mobile home. We are also asked to determine whether, assuming plaintiffs were entitled to sue under MCL 125.2331, the applicable statutory period of limitations was effectively shortened by a term in the parties' contract.

In November 2006, plaintiffs entered into a contract to purchase a mobile home from QFD at a mobile home park in Burton, Michigan. Thereafter, plaintiffs executed certain loan documents with QFD. Plaintiffs assert that their agreement to purchase the mobile home was conditioned on QFD's promise to complete certain necessary repairs to the home. QFD apparently failed to complete these repairs, and plaintiffs hired an outside contractor to finish the work. According to plaintiffs, the contractor discovered that the hot-water heater in their mobile home was defective and "not safe for mobile home use." It is plaintiffs' contention that this defective hot-water heater was hidden behind a wall where it could not easily be inspected. Plaintiffs filed a complaint with the Bureau of Construction Codes, reporting the unsafe hot-water heater and detailing certain other alleged problems and irregularities with the sale, title, and condition of the mobile home. In September 2007, plaintiffs stopped making their monthly payments on the mobile home. Plaintiffs subsequently moved out of the home, allegedly because of the defective hot-water heater. At some point, QFD discovered that plaintiffs had moved out of the mobile home, and its agent entered and took possession of the home.

In September 2008, plaintiffs filed the instant action in the Genesee Circuit Court. After amending their

complaint three times, plaintiffs ultimately set forth several claims against QFD, including claims of breach of warranty, false advertising, trespass to land, trespass to chattels, innocent misrepresentation, fraudulent misrepresentation, and constructive eviction. Plaintiffs also set forth claims (1) alleging that QFD had sold them the mobile home in violation of the MHCA and seeking damages, (2) seeking rescission of their mobile home purchase agreement and restoration of the status quo, (3) seeking revocation of acceptance under Article 2 of the Uniform Commercial Code (UCC), MCL 440.2102 *et seq.*, and (4) alleging certain violations of Article 9 of the UCC, MCL 440.9101 *et seq.*

In September 2009, QFD moved for summary disposition pursuant to MCR 2.116(C)(7) and (10). Among other things, QFD argued that many of plaintiffs' claims were based on the purchase agreement and actually sounded in breach of contract and were therefore time-barred by a shortened, one-year limitations period contained in the parties' contract. It is undisputed that ¶ 14 of the parties' purchase agreement provided:

> Purchaser understands and agrees that — if either of us should breach this contract — the other of us shall have only one year, after the occurrence of that breach, in which to commence an action for a breach of contract.

QFD asserted that its sale of the mobile home to plaintiffs was governed by the UCC, under which buyers and sellers may contractually agree to "reduce the period of limitation to not less than 1 year." MCL 440.2725(1). QFD asserted that because plaintiffs had waited more than one year after their purchase of the mobile home to file suit, their claims (including those alleging violations of the MHCA and seeking rescission) were barred by the shortened, one-year limitations

period in the contract. QFD also contended that plaintiffs' claims seeking rescission and revocation of acceptance were barred by ¶ 11 of the parties' contract, which provided in pertinent part:

> PURCHASER ALSO AGREES THAT ONCE PURCHASER HAS ACCEPTED THE UNIT, EVEN THOUGH A WARRANTY DOES NOT ACCOMPLISH ITS PURPOSE, THAT PURCHASER CANNOT RETURN THE UNIT TO RETAILER AND SEEK A REFUND FOR ANY REASON.

QFD lastly argued that even if plaintiffs' claims were not barred by these two provisions in the purchase agreement, there remained no genuine issues of material fact and it was entitled to judgment as a matter of law.

In response to QFD's motion for summary disposition, plaintiffs argued that they were entitled to sue for rescission of the purchase agreement because QFD had violated the MHCA in several respects. Plaintiffs pointed out that the MHCA contains its own internal statute of limitations, and argued that their claims were governed by this statutory limitations period rather than by the shortened, one-year period contained in the parties' contract. Specifically, plaintiffs argued that because their claims were primarily based on the MHCA rather than on the parties' contract, they were not breach-of-contract claims as QFD asserted and were therefore unaffected by the shortened, one-year period set forth in the purchase agreement.

The trial court entertained oral argument concerning QFD's motion for summary disposition. The trial court agreed with QFD's assertion that plaintiffs' claim for rescission was actually a "contract" claim and that it was therefore time-barred by the shortened, one-year limitations period set forth in the purchase agreement.

The court also found that plaintiffs' remaining claims were either time-barred or insufficiently supported by admissible evidence. On October 5, 2009, the trial court entered an order granting QFD's motion for summary disposition "for the reasons stated on the record."

II

We review de novo a trial court's decision to grant a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Statutory interpretation is a question of law that we review de novo on appeal. *In re Complaint of Rovas Against SBC Michigan*, 482 Mich 90, 102; 754 NW2d 259 (2008). Contract interpretation similarly presents a question of law that we review de novo. *Daimler-Chrysler Corp v G-Tech Prof Staffing, Inc*, 260 Mich App 183, 184-185; 678 NW2d 647 (2003).

III

Plaintiffs argue that because QFD was operating in violation of certain provisions of the MHCA or the administrative rules promulgated thereunder, it was unauthorized to enter into any contract for the sale of a mobile home in this state. As a consequence, plaintiffs argue, the parties' purchase agreement was void and unenforceable. We disagree.

The MHCA prohibits a dealer from engaging in the retail sale of mobile homes without a license. MCL 125.2321(1). The MHCA further authorizes the promulgation of administrative rules concerning, among other things, "[t]he business, sales, and service practices of mobile home dealers." MCL 125.2305(1)(b). The rules promulgated under the MHCA specifically require a mobile home dealer to "obtain a license for each loca-

tion from which the [dealer] proposes to operate," Mich Admin Code, R 125.1214g(1), and require a mobile home dealer to file "[s]eparate [license] applications . . . for each sales location," Mich Admin Code, R 125.1214g(2). It is undisputed that QFD was in violation of these rules because it did not have a license to sell mobile homes at the Burton location.

It is true, as a general matter, that "contracts founded on acts prohibited by a statute, or contracts in violation of public policy, are void." *Maids Int'l, Inc v Saunders, Inc,* 224 Mich App 508, 511; 569 NW2d 857 (1997); see also *Sands Appliance Servs, Inc v Wilson,* 463 Mich 231, 239; 615 NW2d 241 (2000). But it does not necessarily follow that every statutory or regulatory violation by one of the contracting parties renders the parties' contract void and unenforceable. In *Maids Int'l,* 224 Mich App at 511-512, this Court considered whether the plaintiff's violation of Michigan's Franchise Investment Law (FIL), MCL 445.1501 *et seq.,* rendered void and unenforceable certain franchise agreements entered into between the plaintiff and the defendants. In that case, the plaintiff, a Nebraska-based franchisor, sold franchises to the defendants. *Maids Int'l,* 224 Mich App at 509. However, the plaintiff allegedly failed to provide necessary disclosure documents to the defendants as required by the FIL. *Id.* at 510. The trial court determined that the franchise agreements were void because the plaintiff had failed to comply with the FIL, and accordingly granted summary disposition in favor of the defendants. *Id.* at 509.

On appeal, this Court reversed, rejecting the defendants' argument that the franchise agreements were void. *Id.* at 511-512. This Court noted that the Legislature had "directly spoken" on the matter in question, and observed that the FIL "sets forth the various

requirements a franchisor must meet in order to sell a franchise in this state." *Id.* This Court went on to observe: "The Legislature also set forth the appropriate penalties for violation of the various requirements. The requirement plaintiff violated in this case, the provision of a disclosure statement, provides as remedies the franchisor's liability for damages or rescission of the franchise agreement." *Id.* at 512. Because the Legislature had provided an express remedy for the specific violation committed by the plaintiff—i.e., liability for damages or rescission, MCL 445.1531(1)—this Court determined that the defendants were left to the statutory remedy and that the plaintiff's violation did not render the franchise agreements void. *Maids Int'l*, 224 Mich App at 512.

Turning to the case at bar, the Legislature has similarly provided an express private remedy that may be pursued when a mobile home dealer has violated the MHCA or the administrative regulations promulgated thereunder. In particular, the Legislature has declared that "[a] person who offers, sells, or purchases a mobile home or equipment or a mobile home site in violation of this act or the [regulations promulgated thereunder] may have an action brought against him or her to rescind the transaction and recover damages." MCL 125.2331.[2] Because the Legislature has "directly spoken" and has provided an express private remedy for parties such as plaintiffs in this case, we conclude that plaintiffs were left to this statutory remedy and that QFD's violation of the administrative rules promul-

---

[2] The Legislature has also provided certain civil, criminal, and administrative penalties for a mobile home dealer's violation of the MHCA or the regulations promulgated thereunder. See, e.g., MCL 125.2341; MCL 125.2342; MCL 125.2343; MCL 125.2343a. The MHCA specifically provides that "[t]he remedies provided for in this act are not mutually exclusive[.]" MCL 125.2344.

gated under the MHCA did not render the parties' purchase agreement void and unenforceable. See *Maids Int'l*, 224 Mich App at 511-512.

IV

Plaintiffs also argue that they were entitled to sue QFD for rescission and damages under MCL 125.2331, and that their claim was not time-barred by the shortened one-year limitations period contained in the purchase agreement.

A

As an initial matter, we reject QFD's assertion that plaintiffs never actually pleaded a claim seeking rescission of the purchase agreement and damages under MCL 125.2331. Count I of plaintiffs' third amended complaint alleged that QFD had sold the mobile home at issue in violation of the MHCA and requested money damages. Among other things, plaintiffs alleged that QFD had violated the MHCA or administrative rules promulgated thereunder by selling the mobile home without a license for the Burton location. Count VIII of plaintiffs' third amended complaint sought rescission of the agreement by which plaintiffs had purchased the mobile home from QFD. As explained previously, it is undisputed that QFD was in violation of certain rules promulgated under the MHCA because it did not have a license to sell mobile homes at the Burton location. See Rule 125.1214g.

It is true that, although plaintiffs' allegations concerning QFD's violation and request for money damages were contained in count I of the third amended complaint, plaintiffs' request for rescission of the purchase agreement was contained in count VIII. It is also

true that plaintiffs' third amended complaint did not specifically mention MCL 125.2331. However, Michigan is a notice-pleading state. See *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich 679, 700 n 17; 684 NW2d 711 (2004). All that is required is that the complaint set forth "allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" MCR 2.111(B)(1). Moreover, it is well settled that we will look beyond mere procedural labels and read the complaint as a whole when ascertaining the exact nature of a plaintiff's claims. *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33; 697 NW2d 552 (2005); see also *MacDonald v Barbarotto*, 161 Mich App 542, 547; 411 NW2d 747 (1987). When read as a whole, the allegations in counts I and VIII of plaintiffs' third amended complaint were sufficient to reasonably inform QFD that it would be required to defend against a claim for rescission and money damages brought pursuant to MCL 125.2331.

B

We must next address whether QFD's failure to maintain a license for the Burton location was a sufficient violation of the rules promulgated under the MHCA to support plaintiffs' claim for rescission and damages under MCL 125.2331. QFD argues that it committed a mere technical violation of the rules, which was too minor to support a claim under MCL 125.2331. QFD also contends that plaintiffs were not entitled to sue under MCL 125.2331 because any damages they sustained were not directly attributable to QFD's failure to maintain a license for the Burton location. QFD suggests that MCL 125.2331 was never intended to allow rescission of a purchase agreement in cases such

as this and asserts that even if plaintiffs properly pleaded a claim under MCL 125.2331, it is beyond factual dispute that plaintiffs are not entitled to any relief. We cannot agree with QFD.

Neither this Court nor our Supreme Court has interpreted or applied MCL 125.2331 in any reported decision. Our primary goal when interpreting a statute is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). " '[T]he Legislature's intent must be gathered from the language used, and the language must be given its ordinary meaning.' " *Id.* (citation omitted). The best evidence of the Legislature's intent is the language used in the statute itself. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). The Legislature is presumed to have intended the meaning that it plainly expressed, *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), and clear statutory language must be enforced as written, *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007).

As explained earlier, MCL 125.2331 provides that "[a] person who offers, sells, or purchases a mobile home or equipment or a mobile home site in violation of this act or the [regulations promulgated thereunder] may have an action brought against him or her to rescind the transaction and recover damages." This language does not limit the availability of a private action for rescission and damages to instances in which a mobile home dealer has committed a *significant* or *substantial* violation of the MHCA or the regulations promulgated thereunder. Nor does it limit the availability of such an action to instances in which a dealer has acted in bad faith. Instead, the language of MCL 125.2331 simply provides that a party may sue "to

rescind the transaction and recover damages" whenever a mobile home dealer has offered or sold a mobile home, mobile home site, or equipment "in violation" of the MHCA or the regulations promulgated thereunder. In other words, *any* violation of the MHCA or the regulations promulgated thereunder is sufficient to give rise to a claim under MCL 125.2331. Had the Legislature wished to limit the type of violations sufficient to give rise to a claim under MCL 125.2331 to *significant* or *substantial* violations only, it surely could have done so. See *Potter v McLeary*, 484 Mich 397, 422 n 30; 774 NW2d 1 (2009) (observing, albeit in an unrelated context, that "[i]f the Legislature wanted such a requirement it could have easily included it"). However, it did not. "We cannot read into a statute language that was not placed there by the Legislature." *Risk v Lincoln Charter Twp Bd of Trustees*, 279 Mich App 389, 399; 760 NW2d 510 (2008).[3]

We also reject QFD's assertions that, in order to proceed under MCL 125.2331, plaintiffs must be able to show that they relied to their detriment on QFD's

---

[3] Although any violation of the MHCA or the regulations promulgated thereunder is strictly sufficient to give rise to a legally cognizable claim of rescission under MCL 125.2331, it *does not* follow that *any* violation of the MHCA or the regulations promulgated thereunder will be sufficient to entitle a plaintiff to relief. A claim to "rescind the transaction" under MCL 125.2331 is equitable in nature, and therefore discretionary with the trial court. *Lenawee Co Bd of Health v Messerly*, 417 Mich 17, 31; 331 NW2d 203 (1982) (stating that "[r]escission is an equitable remedy which is granted only in the sound discretion of the court"). Therefore, once a plaintiff has properly pleaded a claim of rescission under MCL 125.2331, the trial court must balance the equities to determine whether the plaintiff is entitled to the relief that he or she seeks. 27A Am Jur 2d, Equity, § 78, p 616. It strikes us that, in balancing the equities of a particular case, the trial court may assess the severity or significance of a mobile home dealer's violation of the MHCA or the regulations promulgated thereunder, and may consider whether that violation is sufficient to warrant rescission of the transaction.

purported compliance with the MHCA or establish a direct link between their alleged damages and the fact that QFD lacked a license for the Burton location. The statutory text contains no support for such propositions. The scope of a statutory remedy or right of action is defined by the language of the statute itself. See *Lash v Traverse City*, 479 Mich 180, 193 n 25; 735 NW2d 628 (2007). The text of the MHCA says nothing about a plaintiff's reliance on a dealer's purported compliance with the statute. Nor does the statute set forth any other prerequisites that must be satisfied before an injured plaintiff may bring an action for rescission and damages under MCL 125.2331. Instead, as noted earlier, MCL 125.2331 states that a plaintiff may bring an action to rescind the transaction and recover damages when a mobile home dealer has acted "in violation" of the act or the rules promulgated thereunder. We conclude that the Legislature intended MCL 125.2331 to serve as a general, private remedy provision, which may be invoked by an injured plaintiff whenever a mobile home dealer has acted "in violation" of the MHCA or the administrative rules.

Nor can we conclude that plaintiffs' entitlement to proceed under MCL 125.2331 was in any way affected by the presence of alternate remedies in the MHCA. We acknowledge that the private cause of action for rescission and damages created by MCL 125.2331 is merely one of the several remedies that the Legislature has provided for violations of the MHCA or the rules promulgated thereunder. There are several other penalties and remedies set forth in the MHCA, including MCL 125.2341 (allowing the department or local prosecuting attorney to bring an action to enjoin a person from violating the MHCA), MCL 125.2342 (providing that a violation of the MHCA is a misdemeanor), and MCL 125.2343a (allowing the department to hold pro-

ceedings to summarily suspend a license under the MHCA). However, the Legislature has specifically declared that the remedies provided in the MHCA "are not mutually exclusive," MCL 125.2344, and that the MHCA is "remedial and curative" in nature, MCL 125.2349(g). It is well established that a remedial statute must be "liberally construe[d] . . . in favor of the persons intended to be benefited." *Empson-Laviolette v Crago*, 280 Mich App 620, 629; 760 NW2d 793 (2008). It cannot be seriously disputed that the persons "intended to be benefited" by the MHCA are the purchasers of mobile homes and lots in mobile home parks.

In light of the fact that QFD violated the rules promulgated under the MHCA, we conclude that plaintiffs were entitled to bring an action for rescission of the purchase agreement and for damages under MCL 125.2331.[4]

C

Plaintiffs further argue that the trial court erred by ruling that their claim under MCL 125.2331 was time-barred by the one-year limitations period contained in the parties' purchase agreement. We agree.

QFD contends that this case is governed by the UCC and that, pursuant to MCL 440.2725(1), the parties were free to contractually "reduce the period of limita-

---

[4] In addition to providing a claim to "rescind the transaction," MCL 125.2331 also provides that an aggrieved party may "recover damages." Unlike an action for rescission, a suit for damages is an action at law. See *King v Gen Motors Corp*, 136 Mich App 301, 308; 356 NW2d 626 (1984). Actions at law are founded upon a party's absolute right rather than upon an appeal to the discretion of the court. *Hathaway v Hudson*, 256 Mich 694, 702; 239 NW 859 (1932). We note that a plaintiff is not required to elect between the remedies of rescission and damages. *Jefferson Park Land Co v Wayne Circuit Judge*, 234 Mich 341, 345-346; 207 NW 903 (1926).

tion to not less than 1 year." The problem with QFD's argument in this regard is that ¶ 14 of the parties' contract shortens the limitations period to one year for "action[s] for a breach of contract" only. Contrary to QFD's assertions, plaintiffs' claim for rescission of the purchase agreement and damages under MCL 125.2331 is a statutory claim—not an "action for a breach of contract" within the meaning of ¶ 14.

Furthermore, even if plaintiffs' claim for rescission and damages under MCL 125.2331 could be characterized as an "action for a breach of contract," we would still conclude that it is governed by the MHCA's internal, three-year period of limitations. We acknowledge that the UCC governs at least some aspects of mobile home sales. See *Ladd v Ford Consumer Fin Co, Inc*, 217 Mich App 119, 126 n 3; 550 NW2d 826 (1996), rev'd on other grounds 458 Mich 876 (1998). But so, too, does the MHCA, which is more specifically applicable on the facts of this case. "When two statutes or provisions conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails." *Frank v William A Kibbe & Assoc, Inc*, 208 Mich App 346, 350; 527 NW2d 82 (1995). Because the MHCA is more specific, it prevails over the more general provisions of the UCC with regard to the issue of mobile home sales. See *Ladd*, 217 Mich App at 128.

The MHCA contains its own internal statute of limitations, which provides in relevant part that "[a] person may not bring an action under this act more than 3 years after the contract of sale . . . ." MCL 125.2333. We conclude that the MHCA's three-year period of limitations controls plaintiffs' statutory claim for rescission and damages under MCL 125.2331, and prevails over the more general UCC provisions governing the limitation of actions. See *Ladd*, 217 Mich App at

128. Because plaintiffs purchased the mobile home at issue in this case in November 2006 and filed the instant action in the Genesee Circuit Court in September 2008, their claim for rescission and damages under MCL 125.2331 was timely filed. MCL 125.2333.

V

Finally, with respect to QFD's argument that plaintiffs' rescission claim was barred by ¶ 11 of the purchase agreement, we simply note that any contractual provision purporting to bind a person "to waive compliance with [the MHCA] or a rule promulgated or order issued under [the MHCA] is void." MCL 125.2332. As we have already explained, one of the possible remedies for aggrieved purchasers of mobile homes is rescission of the purchase agreement under MCL 125.2331.[5] Paragraph 11 of the parties' purchase agreement, which provided in relevant part that "once purchaser has accepted the unit, . . . purchaser cannot return the unit to retailer and seek a refund for any reason," is void and unenforceable under MCL 125.2332 because it would essentially permit QFD to waive its own compliance with any order of rescission ultimately issued pursuant to MCL 125.2331.

VI

We do not disturb the trial court's dismissal of plaintiffs' breach of warranty, false advertising, trespass to land, trespass to chattels, innocent misrepresentation, fraudulent misrepresentation, constructive evic-

---

[5] "[T]he remedy of rescission returns the parties to the status quo, i.e., it places the parties in the position they occupied before the transaction in question." *McMullen v Joldersma*, 174 Mich App 207, 218; 435 NW2d 428 (1988); see also *Wall v Zynda*, 283 Mich 260, 264; 278 NW 66 (1938).

tion, and UCC claims, none of which have been addressed by plaintiffs on appeal.

However, we reverse the trial court's grant of summary disposition in favor of QFD with respect to counts I and VIII of plaintiffs' third amended complaint, which together amounted to a claim for rescission of the purchase agreement and damages under MCL 125.2331. We remand for further proceedings with respect to this statutory claim for rescission and damages. On remand, the trial court shall consider plaintiffs' request to rescind the mobile home purchase agreement pursuant to MCL 125.2331 and shall balance the equities to determine whether plaintiffs are entitled to the rescission they seek. The trial court shall also consider what damages, if any, plaintiffs are entitled to recover from QFD under MCL 125.2331.

In light of our conclusions, we need not address the remaining arguments raised by the parties on appeal.

Reversed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiffs may tax costs pursuant to MCR 7.219.

OWENS and SHAPIRO, JJ., concurred with JANSEN, P.J.