# STATE OF MICHIGAN

# COURT OF APPEALS

CRYSTAL HOPKINS and CHRISTINA
HOPKINS,

        Plaintiffs-Appellants,

v

DENEWETH, DUGAN & PARFITT, P.C.,

        Defendant-Appellee.

UNPUBLISHED
October 20, 2016

No.  327741
Oakland Circuit Court
LC No.  2014-143232-CZ

Before:  GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

In this action against a debt collector, plaintiffs, Crystal and Christina Hopkins, appeal as of right the circuit court's order granting defendant, Deneweth, Dugan & Parfitt, P.C., summary disposition under MCR 2.116(C)(10), on the basis that defendant verified the debt consistent with the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 *et seq*.  We affirm.[1]

## I.  FACTUAL BACKGROUND

In May 2009, plaintiffs entered into a lease agreement with Homestead Construction Properties, LLC (Homestead), for certain residential property located in Ferndale, Michigan. Under the terms of the lease, plaintiffs agreed to remit monthly payments of $1,300 by the first day of each month.  Plaintiffs failed to make several required payments, and ultimately vacated the premises in September 2013.  Shortly thereafter, defendant, representing Homestead, sent

---

[1] On appeal, defendant suggests that this Court lacks jurisdiction over Christina's appeal because she did not file her claim of appeal within 21 days of the circuit court's order granting defendant's motion for summary disposition and she did not properly join Crystal's timely motion for reconsideration, which would have extended the time in which she could file an appeal as of right under MCR 7.204(A)(1)(b).  We disagree.  Under MCR 7.204(A)(1)(b), it is immaterial whether Christina filed a motion for reconsideration or otherwise joined Crystal's motion because the language of the court rule allows for an appeal as of right within 21 days after the entry of an order deciding such a motion, without limiting or qualifying that right on the basis of who filed the motion.

plaintiffs a letter indicating Homestead's intent to apply plaintiffs' security deposit against the unpaid rent. The letter also asked plaintiffs to pay the balance of rent due, which was $10,074.29 after subtracting the security deposit. Defendant provided an "accounting" as part of the letter, in the form of a spreadsheet reflecting the total amount of rent due under the lease, the payments plaintiffs made, detailing those payments by check number and date, and the deficiency owed. Defendant indicated that if plaintiffs did not pay the outstanding balance or respond by letter in seven days it would file a lawsuit to collect the debt on Homestead's behalf.

Plaintiffs, by written correspondence, disputed the debt within the seven-day period. Defendant then sent plaintiffs a second letter in October 2013. Defendant again indicated its intent to file a lawsuit to collect the unpaid rent and included a second itemized accounting that showed "how payments were applied to [plaintiffs'] monthly rent obligations . . . [as well as] a copy of all checks (including those returned for insufficient funds)." Subsequently, defendant, on behalf of Homestead, initiated a debt collection action in the 43rd District Court. After a trial, the district court entered a judgment in Homestead's favor.

Eight days after the district court entered its judgment, plaintiffs filed the instant action against defendant. In their complaint, plaintiffs alleged, in part, that defendant (1) failed to verify the debt by providing the months and dates of missed payments in violation of 15 USC 1692g(b) of the FDCPA and, (2) in so failing to verify the debt, made misleading and inaccurate statements in violation of MCL 445.252(e) of Michigan's Regulation of Collection Practices Act (MRCPA), MCL 445.251 *et seq*. Defendant moved for summary disposition, asserting that it properly verified the debt by providing plaintiffs with an accounting on two occasions. Therefore, defendant argued, it did not violate the FDCPA or the MRCPA. Following a hearing, the circuit court agreed and granted defendant's motion under MCR 2.116(C)(10).

## II. STANDARD OF REVIEW

We review de novo a circuit court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id.* at 120. Such a motion is properly granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Greene v AP Prod, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (quotation marks and citations omitted). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds could differ. *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

## III. APPLICABLE LAW

Plaintiffs contend that defendant violated the FDCPA's verification requirement under 15 USC 1692g(b), which provides in relevant part the following:

> If the consumer notifies the debt collector in writing within the thirty-day period described in [15 USC 1692g(a)] that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in [15 USC 1692g(a)] unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed . . . .

Plaintiffs also claim that defendant violated MCL 445.252(e) of the MRCPA, which is predicated on their claim that defendant violated the FDCPA's verification requirement.[2] For purposes of 15 USC 1692g(b), to determine whether a debt collector sufficiently verified a debt, courts consider whether the

verification . . . enable[s] the consumer to "sufficiently dispute the payment obligation." Although the answer to that question depends on the facts of a particular situation, the cases reflect that *an itemized accounting detailing the transactions in an account that have led to the debt is often the best means of accomplishing that objective.* Intuitively, such a practice makes good sense. In fact, it would likely lead to faster resolutions of disputes with those consumers who act in good faith, because it will either show a valid debt that a consumer acting in good faith will actually pay, uncover an error in the record of the debt leading to the cancellation of the debt, or reveal the underlying dispute between the parties that can then be resolved. [*Haddad v Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F3d 777, 785 (CA 6, 2014) (emphasis added).]

## IV. ANALYSIS

On appeal, plaintiffs argue that the circuit court erred by granting defendant's motion for summary disposition because a genuine issue of material fact existed regarding whether defendant adequately verified the debt. In support, plaintiffs assert that defendant waived the defense that it verified the debt, verification was outside the scope of defendant's motion for summary disposition, and defendant otherwise conceded that it did not verify the debt. Plaintiffs alternatively contend that a genuine issue of material fact exists regarding the accuracy of the accountings provided by defendant and that the lower court engaged in improper fact-finding, thereby depriving plaintiffs of their right to a jury trial.

## A. WAIVER

Plaintiffs argue that defendant waived its defense that it verified the debt by failing to assert the defense in its first responsive pleading. Generally, a defendant must assert a defense "in the responsive pleading or by motion as provided by" the Michigan Court Rules or the defense is waived. MCR 2.111(F)(2). A "defense" is " '[t]hat which is offered and alleged by

---

[2] MCL 445.252(e) provides that a regulated person shall not "[m]ak[e] an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or conceal[] or not reveal[] the purpose of a communication when it is made in connection with collecting a debt."

the party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks [and which is] put forward to diminish plaintiff's cause of action or to defeat recovery.' " *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 530; 872 NW2d 412 (2015), quoting *Black's Law Dictionary* (6th ed). In its answer to plaintiffs' complaint, defendant repeatedly denied plaintiffs' allegation that it failed to verify the debt in violation of 15 USC 1692g. Although defendant never explicitly stated that it verified the debt before beginning the collection action, it expressly denied plaintiffs' assertions to the contrary, explaining that it accounted for all of the payments made by plaintiffs and provided plaintiffs proof of that accounting. Michigan is a notice-pleading state and all that is required is that a defendant set forth statements reasonably necessary to inform a plaintiff of the nature of its defenses. See *Johnson v QFD, Inc*, 292 Mich App 359, 368; 807 NW2d 719 (2011). Having reviewed defendant's answer, we conclude that plaintiffs were reasonably apprised that defendant intended to assert that it verified the debt.[3]

## B. SCOPE OF SUMMARY DISPOSITION MOTION

Plaintiffs further argue that the circuit court erred by considering whether defendant verified the debt because the issue was outside the scope of defendant's summary disposition motion and was raised for the first time in defendant's reply brief. Contrary to plaintiffs' position, our review of the record reveals that defendant, in fact, addressed the issue of verification in its motion for summary disposition. Moreover, the parties extensively argued the issue at the motion hearing at which defendant asserted that it had provided plaintiff with an itemized accounting of the debt before filing the district court action. Finally, we note that plaintiffs cite no law supporting the proposition that a circuit court, when deciding a motion for summary disposition, may not consider arguments made in a reply brief that simply expand upon statements and assertions raised in the main motion. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to . . . search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted). Accordingly, the circuit court did not err by considering the issue of verification.

## C. CONCESSIONS OF LIABILITY

We also disagree with plaintiffs' claim that defendant conceded that it failed to verify the debt. In support of their argument, plaintiffs quote a passage from paragraph 19 of defendant's answer, in which defendant responded to an allegation in the complaint, which stated that

---

[3] To the extent plaintiffs claim that defendant failed to plead verification as an affirmative defense, thereby waving the defense under MCR 2.111(F)(3), their argument is also unavailing. An affirmative defense is "a matter that accepts the plaintiff's allegation[s] as true and even admits the establishment of the plaintiff's prima facie case, but that denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993). In this case, defendant's position that it verified plaintiffs' debt directly controverts plaintiffs' entitlement to prevail. Accordingly, defendant was not asserting an affirmative defense.

"Homestead refused to provide the particular months of any alleged missed rental payment in violation of 15 USC § 1692g(b)." In response to this allegation, defendant stated the following:

> Denied as untrue statements of fact and/or incorrect and improper conclusions of law. By way of further answer, Defendant avers that Plaintiffs were informed repeatedly over the course of their tenancy that they were delinquent in paying rent, and that, because of their woeful and constant delinquency, it was impossible for the landlord to ascertain precisely which months to apply rent and which months remained unpaid, so the landlord did its best to apply rent received as directed by tenants; *however, the landlord accounted for every payment actually received, and provided such accounting to Plaintiffs numerous times.* [Emphasis added.]

Later in its answer, defendant again denied plaintiffs' allegation that it failed to verify the debt. Defendant explained that "because of Plaintiffs['] consistently delinquent rent payments . . . it was impossible for [Homestead] to pinpoint certain months when rent was not paid because of the complexity in applying rent received."

Having reviewed the complaint and defendant's answer, it is clear that defendant never conceded that it could not or did not verify plaintiffs' debt before beginning its collection efforts. Rather, defendant specifically denied this allegation. The statements quoted by plaintiffs are taken out of context. Instead, when reading the answer as a whole, it is evident that defendant was merely explaining why it could not pinpoint which specific periods of rent were unpaid.

## D. GENUINE ISSUES OF MATERIAL FACT

Plaintiffs next argue that summary disposition was improper because there were genuine issues of material fact regarding the accuracy of defendant's accounting. We disagree. Defendant's initial letter to plaintiffs included an itemized accounting of plaintiffs' rental payments, which reflected each payment received and each payment owed. The accounting also calculated the balance due by subtracting the payments Homestead received from plaintiffs from the total balance due under the lease. Regarding the payments received, the accounting recorded the date of each check, the amount of each check, and the check number. Instead of remitting payment of the debt owed, plaintiffs provided a written response disputing the debt and offering to settle the matter for the amount of the security deposit; however, plaintiffs did not provide any documentation suggesting that the accounting was inaccurate. The following month, defendant sent plaintiffs a second letter that provided an updated accounting, which included a copy of all the checks Homestead received from plaintiffs, including checks that were returned for insufficient funds. Aside from reformatting the spreadsheet and providing photocopies of the checks, there is no apparent inconsistency between the two accountings.

Our review of these accountings reflects that they are, in fact, "an itemized accounting detailing the transactions in an account" that led to the debt and that would allow plaintiffs to sufficiently dispute the debt obligation. See *Haddad*, 758 F3d at 785. All of the information needed to reliably calculate the amount of the debt, to a reasonable degree of certainty, is included in the accountings. Defendant attached this documentary evidence to its motion for

summary disposition, thereby meeting its burden to demonstrate that it had verified the debt in compliance with the FDCPA and the MRCPA.

In response to defendant's motion, plaintiffs did not provide any documentary evidence showing that defendant failed to verify the debt or that the accounting was otherwise inaccurate. Instead, plaintiffs merely argued that defendant "concede[d] in its Answer that it did not validate the debt prior to filing the district court action in stating 'it was impossible for the landlord to ascertain precisely which months to apply rent and which months remained unpaid.' " Plaintiffs make this same argument on appeal. In doing so, plaintiffs fail to comprehend that Homestead's inability to match the payments to the proper months does not make the verification incomplete or otherwise unreliable. The fact that the payments cannot be matched to a corresponding month is irrelevant because the amount of plaintiffs' debt can be reliably determined by subtracting the total payments Homestead received from the total payment due, as reflected by the accounting defendant provided to plaintiffs. Defendant's supposed admission does not, therefore, create a genuine issue of material fact regarding the veracity of the verification.

Plaintiffs also assert that a genuine issue of material fact exists regarding the accuracy of the verification because they raised the issue of its accuracy in their complaint. When opposing a motion for summary disposition, "an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). Plainly, the allegations in plaintiffs' complaint, without other support, are insufficient to avoid summary disposition. Moreover, the record belies any assertion by plaintiffs that the accounting provided was not clear, concise, or itemized. Accordingly, plaintiffs did not demonstrate any disputed issues of material fact regarding defendant's verification of the debt. Consequently, the circuit court did not err by determining that no genuine issues of material fact existed that would preclude judgment as a matter of law.

## E. CONSTITUTIONAL RIGHT TO A JURY TRIAL

Finally, plaintiffs argue that the circuit court engaged in improper fact-finding, which deprived them of their constitutional right to a jury trial. We disagree. As discussed above, the circuit court did not engage in any impermissible fact-finding because there were no disputed facts to resolve. Although plaintiffs suggest that a jury was required to consider the evidence attached to defendant's motion for summary disposition, the standard of review for a motion under MCR 2.116(C)(10) directs otherwise. See *Maiden*, 461 Mich at 120. Further, because there were no disputed facts, plaintiffs' right to a jury trial was not implicated. A party in a civil proceeding is not entitled to have a jury decide its case simply because it makes a jury demand. Juries decide questions of fact and courts decided questions of law. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 172; 802 NW2d 281 (2011). "[A]t no time has the right to a jury trial in any fashion been understood to displace the authority and duty of the judiciary to determine legal issues." *Charles Reinhart Co v Winiemko*, 444 Mich 579, 607; 513 NW2d 773 (1994). Therefore, the circuit court did not err by granting defendant's motion for summary disposition.

Affirmed.  As the prevailing party, defendant may tax costs.  MCR 7.219.


                                        /s/ Michael F. Gadola
                                        /s/ Stephen L. Borrello
                                        /s/ Cynthia Diane Stephens