*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YOLANDA MAYS,

      Plaintiff-Appellant,

v

UNIVERSAL UTILITIES, INC.,

      Defendant-Appellee.

UNPUBLISHED
May 19, 2022

No. 357077
Macomb Circuit Court
LC No. 2019-002503-CZ

Before: JANSEN, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Plaintiff Yolanda Mays appeals as of right the trial court's opinion and order granting summary disposition in favor of defendant Universal Utilities, Inc., pursuant to MCR 2.116(C)(8) and denying her countermotion for summary disposition pursuant to MCR 2.116(I)(2). On appeal, plaintiff argues that her complaint, which alleged that defendant wrongfully charged her excessive fees for water service and wrongfully failed to restore her water service in a timely manner after she paid her delinquent bills, stated a legal claim for relief. We affirm.

## I. FACTS

On June 25, 2019, plaintiff filed her *pro per* complaint against defendant. In its entirety, the complaint read as follows:

### COMPLAINT

Plaintiff Yolanda Mays is an individual who complains against Defendant Universal Utilities, Inc., which is a corporation.

The violation of the Plaintiff rights started on or before March 1, 2019 to current.

The violations are the following:

    1. Between March 01, 2019 to April 01, 2019, Defendant charged an excessive miscellaneous fee in the amount of $310.

2. On June 4, 2019, Defendant abused authority by shutting off water to 23756 South Keystone Way.

3. On June 07, 2019 and June 19, 2019, Universal Utilities, Inc. cashed payment for over the amount of the past due bill; however, the water has not been restored for the property at 23756 South Keystone Way, Clinton Township, Michigan 48036.

Demand for Relief

THEREFORE, the plaintiff demands judgment against the defendant for the sum of __$55,335, with interests and costs. Also, plaintiff requests water restored at 23756 South Keystone Way, Clinton Township, Michigan 48036 without additional fees.

On November 5, 2019, defendant submitted its first set of interrogatories to plaintiff. The first interrogatory provided, "State in detail the legal and factual basis for any claim that you assert against Universal." In response, plaintiff identified the following three statutes: MCL 460.9q(5)(d), MCL 460.9q(13), and MCL 445.903(1)(a).

On February 13, 2020, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). In the accompanying brief, defendant explained that plaintiff is a resident at Parkway Village, a mobile-home community in Clinton Township, and defendant "is a third-party billing company that is responsible for water meter installation, water meter reading, water and sewer billing, collection of payments, routine meter maintenance, and service termination for delinquent account balances at Parkway Village." Defendant explained that in late 2018, it sent an "agreement" or "contract"[1] to plaintiff as a resident at Parkway Village providing, in relevant part, as follows:

> It is the Residents' responsibility to provide and install functioning heat tape, in addition to insulation, on the service lines/meter and confirm it is plugged in during cold weather seasons. . . . <u>If the meter freezes and breaks, the expense to have the meter replaced is the responsibility of the resident.</u> Metering equipment and service call charges to replace the damaged equipment is expensive and should be avoided.

Defendant further explained that on April 4, 2019, it discovered that plaintiff's water meter was broken because she apparently allowed the meter or the connecting pipes to freeze, so it replaced the meter and charged plaintiff a replacement fee of $225 and a service fee of $85 (totaling $310). Plaintiff refused to pay the $310 and other fees related to her water service, so defendant stopped service on June 4, 2019. Plaintiff paid defendant some of her arrearages on June 5, 2019

---

[1] Although defendant characterizes the document as an "agreement" or "contract," it is actually a form letter that defendant unilaterally sends to every resident of Parkway Village. There is nothing to suggest that plaintiff specifically agreed to the terms of the document.

and June 17, 2019, respectively, but the payments did not satisfy the amount required to restore water service. Ultimately, water service was restored on July 9, 2019.

On March 7, 2020, plaintiff filed her brief in response.[2] In her brief, plaintiff emphasized that there was no evidence of a contract between the parties and that she was not alleging a breach of contract. Plaintiff then set forth a series of alleged facts indicating that defendant was uncooperative throughout the process and refused to restore water service despite accepting her partial payments. For example, plaintiff alleged that she told an employee of defendant on June 4, 2019, that she wanted a payment plan or an extension, but the employee refused to offer her one. Plaintiff argued that defendant violated the following provisions of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*: MCL 445.903(1)(a), (1)(d), (1)(j), (1)(n), (1)(t), (1)(z), and (1)(aa).

On April 22, 2021, the trial court entered its five-page opinion and order granting summary disposition in favor of defendant and denying summary disposition in favor of plaintiff. The trial court explained that defendant was entitled to summary disposition pursuant to MCR 2.116(C)(8) with the following reasoning:

> In this case, Plaintiff's complaint fails to meet the basic requirements for a pleading under the Michigan Court Rules. Plaintiff's complaint sets forth 3 numbered paragraphs with no enumerated counts or references to valid causes of action or theories of liability. Plaintiff's complaint does not allege the existence of elements of a legally recognizable claim or facts sufficient to support her prayer for relief. Therefore, Defendant is entitled to summary disposition pursuant to MCR 2.116(C)(8) because Plaintiff's complaint fails to state a claim sufficiently supported by facts that, if credited, would entitle her to relief. Plaintiff's response to Defendant's motion includes apparent claims and facts that are not sufficiently set forth in her complaint.

Plaintiff now appeals.

## II. STANDARD OF REVIEW

"We review de novo a circuit court's summary disposition ruling." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id.* (quotation marks and citation omitted). "When deciding a motion brought under this section, a court considers only the pleadings." *Id.* at 119-120.

---

[2] Because the brief requested that the trial court grant judgment in favor of plaintiff, the trial court treated the brief as a countermotion for summary disposition pursuant to MCR 2.116(I)(2).

## III. DISCUSSION

Plaintiff argues that the trial court erred by granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) because her complaint was legally sufficient. We disagree.

"Michigan is a notice-pleading state," and "[a]ll that is required is that the complaint set forth allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend." *Johnson v QFD, Inc*, 292 Mich App 359, 368; 807 NW2d 719 (2011) (cleaned up). That is, "the primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010) (cleaned up). To avoid summary disposition under MCR 2.116(C)(8), the complaint must allege every essential element of the cause of action. See *Spiek v Mich Dep't of Trans*, 456 Mich 331, 338; 572 NW2d 201 (1998) ("Taking all plaintiffs' factual allegations as true, the complaint fails to allege an essential element of their cause of action: that the damage to their property is of a unique or peculiar character different from the effects experienced by all other similarly situated property owners.").

In this case, the trial court did not err by granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8). The complaint alleged that defendant (1) "charged an excessive miscellaneous fee;" (2) "abused authority by shutting off water;" and (3) "cashed payment for over the amount of the past due bill" on June 7, 2019, and June 19, 2019, but did not restore water service.

The complaint did not identify any particular legal violation or legal claim for any of these three allegations. That is, the complaint did not allege that defendant violated a statute, administrative rule, contract, or other legal authority such as the common law. Without such an allegation, defendant was not given notice of the claim or claims that it was called upon to defend, notwithstanding that the allegations in the complaint indicate some general type of wrongdoing by defendant. For example, while it is presumptively correct that a utility cannot terminate water service without cause, the allegation that defendant "abused authority" by terminating plaintiff's water service does not indicate whether the scope of the authority to terminate water service is defined by a particular statute, administrative rule governing utilities, or contract setting forth defendant's rights and obligations. Thus, the complaint did not allow defendant the opportunity to determine how it allegedly abused or exceeded its authority. Similarly, with regard to the other two allegations, the complaint did not allow defendant to determine what legal principles were violated. Accordingly, given that the complaint did not identify any legal violation or claim, the trial court did not err by granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8).[3]

---

[3] In the federal courts, at least with regard to civil complaints filed by prisoners, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears

Plaintiff briefly suggests on appeal that the trial court erred by not allowing her to amend her complaint. We disagree. It is true that the trial court stated at the end of the hearing on the competing motions for summary disposition that it would "see if there's any amendments that maybe [plaintiff] could do that would make it a viable claim." Ultimately, the trial court dismissed the case pursuant to MCR 2.116(C)(8) and did not reference a potential amendment of the complaint in its opinion and order.

"If a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 209; 920 NW2d 148 (2018) (quotation marks and citations omitted). "[A]mendments must be submitted in writing. MCR 2.118(A)(4). If a plaintiff does not present its proposed amended complaint to the court, there is no way to determine whether an amendment is justified." *Anton, Sowerby & Assoc, Inc v Mr C's Lake Orion, LLC*, 309 Mich App 535, 551; 872 NW2d 699 (2015). Here, plaintiff did not submit a proposed amended complaint to the trial court after it granted summary disposition in favor of defendant. Nor does plaintiff argue on appeal how an amended complaint would have avoided another successful motion for summary disposition under MCR 2.116(C)(8). Thus, neither the trial court nor this Court has a basis to determine whether an amended complaint would have been futile. Without such a basis, further proceedings are not warranted.[4]

---

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v Gamble*, 429 US 97, 106; 97 S Ct 285; 50 L Ed 2d 251 (1976) (quotation marks and citations omitted). We acknowledge that plaintiff's complaint was apparently not drafted by an attorney and should therefore not be held to such a standard. Nonetheless, even applying a "less stringent standard[]" to plaintiff's complaint, we still conclude that it was legally insufficient because there was no reference therein to a particular legal violation or claim.

[4] We briefly note that the alleged statutory violations identified by plaintiff after she filed her complaint would not entitle her to relief. With regard to the two alleged violations of MCL 460.9q, defendant could not have violated that statute. MCL 460.9q applies to municipal electric and natural gas utilities. See MCL 460.9q(23)(d) (defining "provider" as "a municipally owned electric or natural gas utility"). Defendant is essentially a third-party water utility. With regard to the seven alleged violations of MCL 445.903 of the MCPA, the allegations and facts of this case are insufficient to show any such violations. First, MCL 445.903(1)(a) prohibits "[c]ausing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." There are no allegations that defendant did so by, for example, falsely representing that the manufacturing source of the water meter was the United States. Second, MCL 445.903(1)(d) prohibits "[r]epresenting that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand." While it is true that there is some evidence in the record to suggest that plaintiff was given a refurbished water meter as a replacement, there is nothing to suggest that defendant represented that the refurbished water meter was new. Third, MCL 445.903(1)(j) prohibits "[r]epresenting that a part, replacement, or repair service is needed when it is not." There are no facts in the record to establish that the water meter did not need

## IV. CONCLUSION

The trial court correctly granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(8). We affirm.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

---

replacement. Fourth, MCL 445.903(1)(n) prohibits "[c]ausing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction." It is unclear how defendant could have violated this provision. There is no suggestion that defendant, for example, told plaintiff that her water bill would increase if she chose to dispute the billed amount in court. Fifth, MCL 445.903(1)(t) prohibits "[e]ntering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it." It is again unclear how defendant could have violated this provision. There is no suggestion that defendant, for example, obtained a waiver from plaintiff for its ordinary negligence in maintaining water meters. Sixth, MCL 445.903(1)(z) prohibits "[c]harging the consumer a price that is grossly in excess of the price at which similar property or services are sold." In our view, the water billing statements are reasonable. Plaintiff was typically charged about $50 per month for water and sewage service, along with an occasional $15 monthly late fee. These are reasonable amounts. The $310 charge for replacement of the water meter does not facially appear to be unreasonable, and plaintiff presents no evidence indicating otherwise. Seventh, MCL 445.903(1)(aa) prohibits "[c]ausing coercion and duress as the result of the time and nature of a sales presentation." There was no sales presentation involved in this case.