*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF SHAUN M. TSCHIRHART, by
DEBORAH TSCHIRHART, Personal
Representative,

        Plaintiff-Appellant,

v

CITY OF TROY, ALEXANDER YARBROUGH,
NICHOLAS YARBROUGH, MARY ALLEMAN,
SUSAN O'CONNOR, and ALEXIS CALHOUN,

        Defendants-Appellees.

UNPUBLISHED
May 18, 2023

No. 361649
Oakland Circuit Court
LC No. 2018-165013-NO

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In this wrongful death by drowning case, plaintiff, Deborah Tschirhart, as personal representative of the Estate of Shaun M. Tschirhart, the decedent, appeals as of right the order denying her motion to amend the complaint and the dismissal of the case in favor of defendants, city of Troy, Alexander Yarbrough, Nicholas Yarbrough, Mary Alleman, Susan O'Connor, and Alexis Calhoun. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case was previously before this Court in *Estate of Tschirhart v City of Troy*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2019 (Docket Nos. 345411; 345715). In the consolidated case, defendants appealed the trial court's decision denying summary disposition premised on MCR 2.116(C)(7) (governmental immunity) and (C)(8) (failure to state a claim), in this case alleging wrongful death arising from a drowning in a public swimming pool. This Court delineated the facts as follows:

> This action arises from the drowning death of plaintiff's 32-year-old
> disabled son in a swimming pool at the Troy Community Center, a facility operated
> by defendant city of Troy. The decedent, who had a history of epilepsy, was a

participant in the Friendship Club, a recreational program for disabled adults provided by the city of Troy. He was participating in a Friendship Club swimming outing when he drowned. Defendants Alexander Yarbrough and Nicholas Yarbrough were lifeguards on duty at the time of the decedent's death. Defendant Alexis Calhoun was the pool manager. Defendants Susan O'Connor and Mary Alleman were employed as Friendship Club attendants.

Plaintiff's complaint alleges that the decedent submerged himself in the pool and likely suffered an epileptic seizure. He was under water for approximately 50 seconds before anyone noticed that he was in danger. When Alleman saw that the decedent was in danger, she poked him with a Styrofoam tube, but he failed to respond. Alleman then entered the water and the decedent was eventually removed from the pool. According to plaintiff, approximately 90 seconds elapsed before defendants Alexander Yarbrough, Nicholas Yarbrough, and Alexis Calhoun initiated cardiopulmonary resuscitation (CPR). The decedent was transported by ambulance to the hospital where he was pronounced dead. The medical examiner determined that the decedent's cause of death was "drowning due to epileptic seizures disorder." Plaintiff brought this action for wrongful death, alleging that defendants were grossly negligent in failing to supervise the decedent and timely intervene when he failed to resurface. Defendants city of Troy, the Yarbroughs, Alleman, and Calhoun moved for summary disposition under MCR 2.116(C)(7) and (8), alleging that they were entitled to immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., and that plaintiff failed to plead facts in avoidance of immunity. Defendant O'Connor filed a separate motion for summary disposition under subrule (C)(7). Plaintiff argued in response that summary disposition was premature because discovery had not been conducted. The trial court agreed and denied defendants' motions. Defendants [c]ity of Troy, the Yarbroughs, Alleman, and Calhoun appeal as of right in Docket No. 345411, and defendant O'Connor appeals as of right in Docket No. 345715. [*Id*. at slip op 2.]

Addressing the merits, this Court concluded that summary disposition was appropriate in favor of defendant city of Troy because the city was immune regardless of an employee's gross negligence. And, this point was conceded by plaintiff on appeal. *Id*. at slip op 3. This Court further held that governmental immunity applied to the allegations of gross negligence on the part of defendant employees. Even assuming that the conduct of defendant employees constituted gross negligence, it was concluded that their actions did not constitute the proximate cause of the decedent's death in light of *Ray v Swager*, 501 Mich 52, 63; 903 NW2d 366 (2017) and *Beals v Michigan*, 497 Mich 353, 376-377; 871 NW2d 5 (2015). *Estate of Tschirhart*, unpublished per curiam opinion, slip op 3-8. Despite concluding that defendants were entitled to summary disposition in their favor, we remanded the matter to the trial court to allow plaintiff to amend her complaint under MCR 2.118, stating:

Plaintiff argues that, if this Court holds that the trial court erred by denying defendants' summary disposition motions, she should be permitted the opportunity to amend her complaint. MCR 2.116(I)(5) provides that "[i]f the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an

opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Because summary disposition was warranted under subrule (C)(7), plaintiff was not entitled as a matter of right to the opportunity to amend her pleadings. The trial court may, however, grant plaintiff leave to amend in accordance with MCR 2.118(A)(2). In this case, it is unclear whether there are other facts that could support a valid claim. Under the circumstances, we believe that remand to provide plaintiff with an opportunity to file an amended complaint is appropriate.

In sum, we conclude that plaintiff's complaint failed to allege sufficient facts that defendants' conduct constituted gross negligence that was a factual cause of the decedent's death. Accordingly, we reverse the trial court's orders denying defendants' motions for summary disposition. However, we remand to afford plaintiff an opportunity to seek leave to amend her complaint under MCR 2.118.

Plaintiff filed an application for leave to appeal our decision. In a written order, our Supreme Court vacated our decision in part, stating:

On November 9, 2021, the Court heard oral argument on the application for leave to appeal the December 17, 2019 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we VACATE that part of the Court of Appeals opinion holding that, as a matter of law, a lifeguard's delay, even if it constitutes gross negligence, cannot be a "cause in fact" of a person's drowning. As we cautioned in *Beals v Michigan*, 497 Mich 363, 377[; 871 NW2d 5] (2015), this Court rejects the notion that "a governmental employee's failure to intervene can never constitute the proximate cause of an injury." Rather, whether summary disposition is appropriate will depend on "the facts presented in [the] case . . . ." *Id*. at 377-378. We offer no opinion on the Court of Appeals' rulings that plaintiff failed to plead facts in avoidance of governmental immunity and that plaintiff shall be afforded an opportunity to seek leave to amend her complaint, as those issues are beyond the scope of plaintiff's application for leave to appeal. We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with this order. [*Tschirhart v City of Troy*, 508 Mich 983; 966 NW2d 343 (2021).]

In the trial court, plaintiff moved for leave to file an amended complaint. Plaintiff relied on MCR 2.118(A)(2), noting that leave to amend shall be freely given when justice so requires. Plaintiff further alleged that grounds to deny leave, including delay, prejudice, and futility did not apply. Defendants opposed the amendment, asserting that it was futile and contending that plaintiff failed to state a claim in avoidance of immunity and failed to identify viable claims and duties against defendant city's employees. It was contended that defendants had no obligation to prevent a drowning but were merely required to attempt a rescue of a swimmer in distress. Defendants also alleged that count VI of the proposed amended complaint, alleging gross negligence against defendant city of Troy, should be stricken because summary disposition was previously granted in favor of defendant city, and plaintiff did not appeal the ruling.

The trial court denied the motion to amend, stating:

The defendant [sic] argues, among other things, to be cognizable, defendant [sic] must have an affirmative duty to prevent a particular harm. And plaintiff, in her pleadings - - she's the representative - - in any event, plaintiff's pleadings state that defendant [sic] did have an affirmative duty to prevent plaintiff from - - I should say the decedent - - from drowning.

Specifically, number one, that the defendant [sic] had a duty to prevent [the decedent] from drowning before entering the pool.

And I don't mean this disrespectfully, but the Court does agree that it is linguistically nonsensical to say that. I'll just leave it at that. I don't need any further explanation. I agree with the defendants' characterization. You can't - - I'll leave it at that.

The second would be the defendant [sic], per plaintiff, that the defendant [sic] had a duty to prevent plaintiff from drowning after entering the pool.

And that's this Court's ruling on that, with all due respect, the Court finds that is not a basis for an amendment. This is, this characterization, or this proposed amendment, in this Court's opinion, is but the original complaint all over again. If the plaintiff's criticism specifically is that the defendant [sic] did nothing while [the decedent] was drowning, well, that criticism is precisely the plaintiff's original criticism.

The appellate courts corrected this Court by stating that the complaint that was filed and pled originally was not actionable, and the appellate court authorized or conceived, must have conceived of a feasible claim and permitted plaintiff to seek leave to amend the complaint to articulate such a conceivable claim. And in this Court's opinion, and respectfully, the Court finds that one has not yet been pled by plaintiff.

I'm repeating myself, but plaintiff has not pled anything different than what is in the original complaint, it's just through different words. So, for that reason, respectfully, the Court denied plaintiff's motion for leave to amend the complaint.

The trial court entered an order denying plaintiff's motion for leave to file an amended complaint, citing the reasons stated on the record. From this decision, plaintiff appeals.

## II. STANDARD OF REVIEW

A trial court's decision addressing a motion to amend the complaint is reviewed for an abuse of discretion. *Wolfenbarger v Wright*, 336 Mich App 1, 14; 969 NW2d 518 (2021); *Sanders v Perfecting Church*, 303 Mich App 1, 9; 840 NW2d 401 (2013). An abuse of discretion occurs when the trial court's determination falls outside the scope of reasonable and principled outcomes. *Charter Twp of Ypsilanti v Dahabra*, 338 Mich App 287, 292; 979 NW2d 725 (2021). To the extent a court rule is in question, the appellate court reviews the interpretation of a court rule, a question of law, de novo. *Tyler v Findling*, 508 Mich 364, 369; 972 NW2d 833 (2021).

## III. ANALYSIS

Plaintiff asserts that the trial court improperly denied the motion to amend the complaint. We agree that the trial court erred, in part, by denying plaintiff's motion to amend the complaint pertaining to defendant employees. Because plaintiff did not appeal the dismissal of defendant city of Troy and previously conceded that this party should be dismissed, the claim of gross negligence in count VI of the proposed amended complaint naming defendant city of Troy was improper.

"Michigan is a notice-pleading state." *Johnson v QFD, Inc*, 292 Mich App 359, 368; 807 NW2d 719 (2011). In Michigan, the primary purpose of a pleading is to provide notice of the nature of the claim or defense sufficient to allow the opposite party to take a responsive position. *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 305; 788 NW2d 679 (2010). Under MCR 2.111(B)(1), a complaint must include "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" To determine the exact nature of a plaintiff's claims, this Court will go beyond the procedural labels in the complaint and read the complaint as a whole to ascertain the exact nature of the claims. *Johnson*, 292 Mich App at 368.

MCR 2.118 governs amended and supplemental pleadings, and provides:

(A) Amendments.

(1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

(3) On a finding that inexcusable delay in requesting an amendment has caused or will cause the adverse party additional expense that would have been unnecessary had the request for amendment been filed earlier, the court may condition the order allowing amendment on the offending party's reimbursing the adverse party for the additional expense, including reasonable attorney fees.

(4) Amendments must be filed in writing, dated, and numbered consecutively, and must comply with MCR 2.113. Unless otherwise indicated, an amended pleading supersedes the former pleading.

The purpose of this rule is to facilitate the amendment of pleadings except where prejudice to the opposing party would occur. *Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 656-658; 213 134 (1973). Generally, a motion to amend should be granted. *Id*. A denial of the amendment motion should occur for only particularized reasons

"In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.' " [*Ben P Fyke*, 390 Mich at 656 quoting *Foman v Davis*, 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962).]

See also *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 458-459; 980 NW2d 119 (2021) ("Because a court should freely grant leave to amend a complaint when justice so requires, a motion to amend should ordinarily be denied only for particularized reasons."). A trial court may deny leave to amend because of undue delay, undue prejudice to the defendant, or futility. *Id*. at 459.

To protect the policy favoring amendment, the trial court should exercise its discretion by making specific findings in support of the motion. *Ben P Fyke*, 390 Mich at 656-657. When a trial court considers whether the opposing party will suffer prejudice, it refers to the deprivation of a fair trial or surprise; it does not consider the impact on the result of the trial. *Id*. The timing of the offered amendment is considered, not the impact on the merits if amendment is denied. *Id*. at 657-658.

When deciding plaintiff's motion to amend the complaint, the trial court concluded the Court of Appeals corrected the trial court's erroneous ruling regarding summary disposition, and plaintiff essentially in its proposed amended complaint raised the same allegations set forth in the first complaint. Thus, the trial court denied the motion to amend determining that it would be futile because the same claims were pleaded albeit "through different words."

We conclude the trial court employed an erroneous rationale and abused its discretion by denying plaintiff's motion to amend with regard to defendant's employees. *Wolfenbarger*, 336 Mich App at 14. The general rule is that leave to amend shall be freely granted. Defendants did not claim or identify any undue delay or undue prejudice arising from the proposed amended complaint. Therefore, leave should have been freely granted unless it could be shown that amendment would be futile. *Ben P Fyke & Sons, Inc*, 390 Mich at 656.

With regard to futility, the trial court erred in denying amendment by only relying on the opinion issued by the Court of Appeals, and failing to consider the subsequent Supreme Court order, which stated in pertinent part:

In lieu of granting leave to appeal, we VACATE that part of the Court of Appeals opinion holding that, as a matter of law, a lifeguard's delay, even if it constitutes gross negligence, cannot be a "cause in fact" of a person's drowning. As we cautioned in *Beals v Michigan*, 497 Mich 363, 377[; 871 NW2d 5] (2015), this Court rejects the notion that "a governmental employee's failure to intervene can never constitute the proximate cause of an injury." Rather, whether summary disposition is appropriate will depend on "the facts presented in [the] case . . . ." *Id*. at 377-378. We offer no opinion on the Court of Appeals' rulings that plaintiff failed to plead facts in avoidance of governmental immunity and that plaintiff shall

-6-

be afforded an opportunity to seek leave to amend her complaint, as those issues are beyond the scope of plaintiff's application for leave to appeal. We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with this order. [*Tschirhart*, 508 Mich at 983.]

In light of the Supreme Court order, a lifeguard's delay, even if it constitutes gross negligence can be a cause in fact of a person's drowning, a governmental employee's failure to intervene can constitute the proximate cause of an injury, and the propriety of summary disposition under the circumstances is contingent upon the facts of the case.

Defendants submit that plaintiff failed to properly plead a duty, gross negligence, and facts in avoidance of governmental immunity. But, Michigan is a notice-pleading state, *Johnson*, 292 Mich at 358, where the function of a pleading is to give notice of the nature of the claim in a manner that allows the opposing party to respond, *Dalley*, 287 Mich App at 305. Under MCR 2.111(B)(1), a complaint must include "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]"

The amended complaint alleged that the decedent had a history of epilepsy, was known to have seizures, and defendants' employees were aware of these facts. It was further asserted that video surveillance demonstrated that the decedent was in an area of the pool, the depth of the pool would allow a drowning to occur without a life jacket, the decedent submerged completely underwater because of a seizure, and this seizure occurred near defendants O'Connor (the swimming trainer) and Alleman (an aide). Despite the decedent's presence under water, "defendants" allegedly did not recognize the decedent's "dire situation" or render aid. Instead, defendant Alleman purportedly picked up a Styrofoam tube and poked the decedent with it. The amended complaint submitted that the failure to check on the decedent and to merely poke his body "demonstrated a clear, willful disregard, and a substantial lack of concern" for the decedent's well-being. It was further alleged that the decedent's body was "eventually" removed from the pool but it still took another 1½ minutes before chest compressions were administered. Plaintiff claimed that there was a "complete lack of preparedness and awareness" on the part of defendants, and the conduct "was so reckless as to demonstrate a substantial lack of concern for whether" the decedent suffered injury or death.

Under the circumstances, plaintiff sufficiently pleaded that the decedent was a participant in defendants' swimming program, that he had a history of seizures, that he was in the pool without a life jacket or life-saving protection, that he went under water, that Alleman did not immediately respond to the submersion but merely poked the decedent with a pool noodle, that "eventually" the decedent was removed from the pool, and that there was a delay in providing chest compressions to the decedent. Plaintiff further alleged that the conduct amounted to gross negligence because it demonstrated a substantial lack of concern for whether injury or death results. Under Michigan's notice-pleading rules, plaintiff sufficiently alleged that defendants' actions or omissions were the proximate cause of the death and that defendant city's employees were nonetheless responsible because the action or inaction was the product of gross negligence, allegations in avoidance of governmental immunity. It is noteworthy that, if as defendants allege, a video of the drowning existed, it was not submitted in the lower court record. Further, the motion

for summary disposition was not premised on MCR 2.116(C)(10). Therefore, no assessment was made that despite the allegations raised, a claim of gross negligence could not be established in light of any video.

Defendant O'Connor alleged that she was appropriately dismissed from the lawsuit by this Court and in accordance with the Supreme Court order because the Supreme Court order concluded that *lifeguards* could not be a cause in fact of a person's drowning. Because O'Connor was not a lifeguard, she submits that amendment of the complaint with regard to her was appropriately denied. However, no answer was ever filed to the complaint, and O'Connor does not deny that she was an employee of defendant city of Troy. The Supreme Court order addressed lifeguards specifically but then noted that "a governmental employee's" failure to intervene can constitute the proximate cause of an injury. In light of the Supreme Court statement in its order, O'Connor could be deemed the proximate cause of the injury contingent upon the facts presented in the case. Therefore, O'Connor's challenge lacks merit. *Tschirhart*, 508 Mich at 983.

Defendants also contend that it is "simply nonsense" that plaintiff alleged facts that separated the duty to prevent the drowning from facts before entry into the pool and facts that failed to prevent the drowning after entry into the pool. We do not control the manner of plaintiff's pleadings, and leave to amend a pleading shall be freely granted. Defendants may later move to dismiss allegations in the complaint that purportedly do not give rise to a duty or are characterized as nonsensical under MCR 2.116(C)(8).

We recognize that defendants repeatedly submitted that there was no duty to prevent a drowning and the only actual duty was to intervene in a perilous situation. Defendants, however, failed to cite any authority in support of that position. Further, defendants failed to recognize the semantics of the presentation of its theory. Specifically, plaintiff seemingly submitted that the grossly negligent response to the intervention in the perilous situation caused the drowning, not that defendants owed a duty to prevent any drowning. It seemed that plaintiff alleged that the decedent was in the pool, defendant city's employees did not observe the decedent submerge under water, the employees did not immediately respond but merely poked the decedent with a pool noodle, and the employees delayed in the removal of the decedent from the pool and in providing chest compressions. In short, plaintiff did seemingly allege that the employees response to the perilous situation was grossly negligent.

Finally, defendants alleged that the pleadings were insufficient because the amended complaint did not allege where the defendant lifeguards and aides were during the incident and what they were doing. Defendants further asserted that plaintiff must have acquired a video of the incident because of the references to the timing of the incident. It is unclear whether plaintiff acquired any video and used it to prepare the complaints because it was not submitted in the record. Again, Michigan is a notice-pleading state. Whether a video, sworn statements, or deposition testimony would support plaintiff's pleadings was not at issue in the trial court. Rather, the issue was whether plaintiff sufficiently pleaded the claims raised in the proposed amended complaint. We conclude that she did with regard to defendant city's employees. Yet, defendants appeared to argue that the facts will not demonstrate gross negligence, even though, at this time, the inquiry was the sufficiency of the pleading only. In light of the Supreme Court order, the trial court abused its discretion by denying the motion to amend the complaint with regard to defendant employees.

And for the reasons we have discussed, it was appropriate to deny the request to amend the complaint pertaining to defendant city.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.  No taxable costs, no party having prevailed in full.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michael J. Riordan