AMSTER v. STRATTON.

1. CANCELLATION OF INSTRUMENTS—EQUITY—DISCRETION OF COURT.
    Equitable relief by way of cancellation is not strictly matter of right, but rather remedy the granting of which rests in sound discretion of court; and rescission should not be granted where result thus obtained would be unjust or inequitable.

As to necessity of placing in *statu quo* on rescission of land contract, see annotation in 30 L. R. A. 66.

2. SAME—STATU QUO.

Court of equity will not rescind contract on ground of fraud, where party asking relief is not able to put other party in *statu quo.*

3. VENDOR AND PURCHASER—CANCELLATION OF INSTRUMENTS—FRAUD —EQUITY.

In suit by vendor to foreclose land contract, where vendees filed cross-bill for its cancellation on ground of fraud in that vendor misrepresented price paid by him for said property, decree refusing cancellation, but crediting vendees with difference between price actually paid and that represented, and also crediting them with $500 for work performed previous to purchase, *held,* equitable, under circumstances.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 14, 1932. (Docket No. 119, Calendar No. 36,429.) Decided September 16, 1932.

Bill by Nathan Amster and another against Jay Stratton and another to foreclose a land contract and chattel mortgage. Cross-bill by defendants for cancellation of the same. Decree for plaintiffs. Defendants appeal. Affirmed.

*W. J. Barnard* and *C. W. Benton,* for plaintiffs.

*Earl L. Burhans* and *David Anderson,* for defendants.

NORTH, J. Nathan Amster and his wife, the former herein called plaintiff, filed this bill to foreclose a land contract between himself as vendor and defendants as vendees; also to foreclose a chattel mortgage which defendants gave plaintiff to secure certain instalments which accrued under the land contract but were not paid. Defendants by cross-bill sought cancellation on the ground they had been defrauded by plaintiff incident to the purchase. A

decree was entered for plaintiff, and defendants have appealed.

In the latter part of August, 1927, the defendants purchased from plaintiff on a contract 120 acres of land in the township of Antwerp, Van Buren county. The contract price was $6,500. The particular fraud alleged in defendants' cross-bill, and in consequence of which rescission is sought, is that during the period of negotiations between the parties plaintiff stated to defendants that he was selling the property to them for the same price he was paying for it. This was not true; but instead, practically at the same time plaintiff contracted to sell to the defendants for $6,500 he purchased this property from another for $4,600. In circuit court plaintiff consented that the contract price should be reduced $1,900. Defendants were allowed this reduction and also a further credit of $500 for services rendered by them in harvesting the 1927 grape crop and for other services in making improvements upon the premises. The amount for which the decree granted foreclosure was arrived at on this basis, and defendants given a reasonable time within which to redeem.

It is appellants' contention that they were entitled to a decree canceling the land contract and granting them an accounting by which they claim a substantial sum would have been found due to them from plaintiff. On the other hand, the appellee insists that even though the alleged misrepresentation was made, the defendants were not deceived or damaged thereby; and that in fact it had nothing to do with the consummation of the contract between the parties.

There is no question that plaintiff made the alleged misrepresentation. He admitted it in his testimony, and while the proof is not very convincing,

we think it probable that the testimony sustains defendants' contention that they were influenced by this misrepresentation in purchasing the farm at the agreed price of $6,500. But for reasons hereinafter indicated, we think the disposition made of this controversy by the circuit judge afforded defendants all the equitable relief to which they were entitled. As against the amount which otherwise would have been unpaid on the contract price, the circuit judge credited not only the $1,900 which plaintiff added to the purchase price, but also an additional sum of $500. This disposition of the case was justified by reason of the fact that during the years in which these parties were transacting business with each other they so complicated their affairs that anything like an accurate and just accounting as between them is practically impossible of obtainment. Defendants' demands on their face are inequitable. At the time of the decree defendants had occupied this 120-acre farm nearly four years. During that period they met only a small portion of their contract obligation; and they would not only have the payments so made returned to them, but they seek an additional payment of several hundred dollars for work done upon the farm. They propose to allow nothing for the use and occupation of this 120 acres during all of that period. Clearly the circuit judge was correct in refusing to decree cancellation and an accounting on this basis. Equitable relief by way of cancellation is not strictly a matter of right, but rather a remedy the granting of which rests in the sound discretion of the court. And clearly rescission should not be granted in cases where the result thus obtained would be unjust or inequitable. *Windisch* v. *Mortgage Security Corp.*, 254 Mich. 492.

"An application to a court of equity for the rescission, cancellation, or delivering up of agreements and securities is not founded on an absolute right, * * * but is rather an appeal to the sound discretion of the court, which in granting or refusing the relief prayed acts on its own notions of what is reasonable and just under all the surrounding circumstances." 9 C. J. p. 1161, citing a large number of cases.

"As in the case of specific performance, relief by way of cancellation lies within the sound discretion of the court, to be exercised according to what is reasonable and proper under the circumstances of each particular case." 4 R. C. L. p. 487.

"It is an established doctrine that a court of equity will not rescind a contract on the ground of fraud, when the party asking the relief is not able to put those against whom it is sought into the same situation in which they stood when the contract was entered into." *Merrill* v. *Wilson* (syllabus), 66 Mich. 232.

See, also, *Vernon* v. *Antona*, 222 Mich. 83; *Papciak* v. *Morawski*, 243 Mich. 157.

In the instant case these defendants, if granted rescission and accounting, will by no means place plaintiff in *statu quo.* In the meantime defendants have erected a barn upon the premises and here seek to charge plaintiff with their labor in so doing. Defendants also claim they have very materially improved the grape vineyard on the premises, that they have constructed fences, have dug a drain and have rendered extensive services in harvesting grapes produced on the premises. These are some of the things which not only render anything like an accurate accounting between these parties a practical impossibility, but also produce a situation where upon cancellation defendants cannot restore

these premises to plaintiff in the same condition in which they were received.

By minimizing the contract price as above noted, the circuit judge fully relieved defendants of any damage they sustained by reason of the alleged misrepresentation. There is much other detail in the record which we need not here review; but after giving all of it our careful consideration we are of the opinion that the justness of the decree entered in the circuit court is sustained by this record and in its result is equitable as between the parties. If, as suggested by appellees on the oral argument, there is an error in computation of interest it may be corrected on settling the decree. Subject to such correction, appellants will be given 30 days after the filing of this opinion within which to redeem from the amount found due by the circuit judge; and, in default of redemption within the time specified, foreclosure of the land contract and the chattel mortgage given incident thereto may be had in accordance with the terms of the decree entered in the circuit court.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.