RICHARDSON *v.* RICHARDSON.

1. Deeds—Misrepresentations—Evidence.

Evidence sustains finding of court that, as to grantees, a warranty deed should be held void, where it shows grantor was a widow 60 years of age, not able to read or write, owned and occupied 80-acre farm, and executed deed thereto to son and his wife upon his misrepresentation that paper pertained to guardianship matters of minor children.

2. Mortgages—Cancellation of Instruments—Fraud—Deeds—Benefits Inuring to Grantor.

Mortgage, given by grantees who obtained their deed by such misrepresentations as to render it void as to them, is valid to the extent that proceeds thereof inured to direct benefit of grantor, such as payment of past-due mortgage, interest and taxes and for improvements and repairs.

3. Cancellation of Instruments—Equity—Discretion of Court.

Cancellation of instruments in equity is not strictly a matter of right but is a remedy the granting of which rests in the sound discretion of the court and rescission should not be granted where result would be unjust or inequitable.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 16, 1934. (Docket No. 56, Calendar No. 37,242.) Decided March 6, 1934.

Bill by Zora Belle Richardson against Elsie Richardson and People's State Bank of Belleville to set aside a deed and mortgage and for other relief. Decree for plaintiff. Defendants appeal. Decree vacated and modified decree ordered entered in this court.

*Burke & Burke.* (*Jacob F. Fahrner,* of counsel), for plaintiff.

*Frank B. DeVine* (*Daniel W. Ross,* of counsel), for defendants.

NORTH, J. On the 27th day of November, 1929, plaintiff owned in fee simple and occupied an 80-acre farm in the township of Augusta, Washtenaw county, Michigan. On that date she executed and delivered a warranty deed of this farm to her son, Ross Richardson, and his wife, Elsie Richardson. Shortly thereafter the grantees executed a mortgage to the defendant People's State Bank of Belleville incident to a loan of $4,000. In this suit plaintiff seeks cancellation of the above-mentioned deed and mortgage on the ground that she was induced to sign the deed to her son by means of a trick and in consequence of false representations made to her by him. The theory of her bill of complaint is that the deed thus obtained is in effect a forged instrument which vested no rights whatever in the grantees or in the subsequent mortgagee. The death of plaintiff's son occurred prior to commencement of this suit. After full hearing in the circuit court in chan-

cery the relief sought was granted and defendants have appealed.

At the time of giving the deed in question plaintiff was approximately 60 years of age. She could neither read nor write the English language, and executed the instrument by placing her cross thereon. Her husband died eight or nine years previously. She was the mother of a large family, and some of her children were still minors. Her son, Ross Richardson, had been appointed guardian of these minor children. Plaintiff alleged and offered testimony to prove that on the occasion of giving the deed her son took her from her home to the place where the deed was executed and while on the way there she inquired of her son what she was to sign papers for and he thereupon said, "concerning the guardianship." Plaintiff testified she put great confidence in her son, believed him to be honest, and trusted him for everything. The record sustains plaintiff's contention that she signed this deed, for which no consideration was given, not knowing that the instrument was a deed but instead, because of misrepresentations of her son, she at the time believed it was a paper having something to do with the guardianship of her minor children. The finding of the circuit judge that as to the grantees the deed should be held to be void and cancelled is fully sustained by the proof and must be affirmed.

Because the deed was found to be invalid as to the grantees, the circuit judge concluded that plaintiff was also entitled to have the mortgage to the People's State Bank of Belleville cancelled. In so holding he relied upon *Horvath* v. *National Mortgage Co.*, 238 Mich. 354 (56 A. L. R. 578). We think decision in the *Horvath Case* is not controlling of the rights of the People's State Bank in the instant case. Except as hereinafter noted, in the former case the

money obtained by the mortgage loan did not inure in any way to the benefit of the plaintiff who sought cancellation of the mortgage. But in the instant case the proceeds of the mortgage loan were used in part, at least, to pay a past-due mortgage on plaintiff's farm, accrued interest thereon, past-due taxes, and to make improvements or repairs on the farm buildings. The items are as follows: Principal of farm mortgage $1,350, interest thereon $195, past due taxes $478.35, improvements and repairs $121. Total $2,144.35. Under plaintiff's own testimony she understood that her son Ross acting for her was, in some way, to take care of the various obligations above noted. In so doing the son, in effect, acted as plaintiff's agent. Interest on the Ross Richardson mortgage was paid to December 13, 1930. From that date the People's State Bank of Belleville is entitled to interest at seven per cent., as provided in the mortgage, on the computed amount of $2,144.35. Plaintiff is in a court of equity seeking equitable relief. Such relief will not be granted except on condition of plaintiff's doing equity.

"Equitable relief by way of cancellation is not strictly matter of right, but rather remedy the granting of which rests in sound discretion of court; and rescission should not be granted where result thus obtained would be unjust or inequitable." *Amster* v. *Stratton* (syllabus), 259 Mich. 683.

To the extent above indicated the money received upon the mortgage given by Ross Richardson and his wife to the People's State Bank has inured to the direct benefit of plaintiff, and for the most part was used to relieve her property from the liens of a past-due mortgage and unpaid taxes. Plain everyday honesty forces the conclusion that the People's State Bank to the extent indicated is entitled to have

its mortgage lien declared to be valid and existing as such.

Decision herein in no way conflicts with *Horvath v. National Mortgage Co., supra.* While in that case, as in this, it appears that taxes on the property were paid with the money of a subsequent mortgagee, the record and briefs in the *Horvath Case* disclose that the good faith of this subsequent mortgagee was seriously challenged, and also that, unlike the instant case, the mortgagee did not present to the court a claim that the plaintiff in the *Horvath Case* should be required to reimburse the mortgagee for taxes paid on the ground that one seeking equity must do equity. The so-called mortgagee in the *Horvath Case* in fact was a grantee under a deed with a contract back to the grantor; and the claim made by the mortgagee was that it held a valid title or at least a valid lien by virtue of the conveyance to it. It was decreed otherwise. The equitable proposition of requiring plaintiff as a condition of obtaining relief to reimburse the so-called mortgagee for money used in paying taxes, was not presented to the court.

In the instant case the decree entered in the circuit court will be vacated and one entered in this court holding the mortgage of the People's State Bank to be valid in the amount above indicated and cancelling the mortgage incumbrance in excess of that amount. Appellee Zora Belle Richardson may tax costs of this appeal against Elsie Richardson, but the appellant People's State Bank of Belleville will have costs of both courts against Zora Belle Richardson.

Nelson Sharpe, C. J., and Potter, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.