*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REGINALD PETITE,

        Plaintiff-Appellant,

v

DEBRA WHITE, CHEREA WHITE, and RANDY
PATTERSON,

        Defendants,

and

EVEREST NATIONAL INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
February 18, 2020

No. 345551
Macomb Circuit Court
LC No. 2017-001148-NF

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Plaintiff, Reginald Petite ("Petite"), appeals the trial court's order granting summary disposition in favor of defendant Everest National Insurance Company ("Everest"). We vacate and remand to the trial court so that it can consider whether rescission is available as an equitable remedy as between Petite and Everest.

## I. FACTS AND PROCEDURAL HISTORY

This matter arises from a motor vehicle accident that occurred on April 21, 2016. At the time of the accident, Petite was a passenger in a Mercury Grand Marquis, which was being driven by Randy Patterson. The Grand Marquis was insured with Everest by Cherea White. In March 2017, Petite filed a complaint seeking, in relevant part, personal protection insurance ("PIP") benefits from Everest under the no-fault act, MCL 500.3101 *et seq*. In response, Everest sought to preclude Petite's claim, arguing that if it discovered that White made a material misrepresentation in obtaining the insurance policy, Everest could rescind the policy. Discovery commenced.

-1-

After the close of discovery, Everest filed a motion for summary disposition under MCR 2.116(C)(10), arguing that it was not liable to Petite for PIP benefits. In support of its motion, Everest asserted that White failed to list Patterson and their daughter as members of her household when she applied for the insurance policy. Because of this misrepresentation, Everest argued that it was entitled to rescind the policy under both the general principles of contract law and the specific terms of White's insurance policy. Everest also asserted that following this Court's decision in *Bazzi v Sentinel Ins Co*, 315 Mich App 763, 770; 891 NW2d 13 (2016), aff'd in part and rev'd in part 502 Mich 390 (2018), a third-party has no right to claim benefits when an insurance policy had been rescinded because of fraud. Petite opposed the motion.

During oral argument on Everest's motion, Petite asserted that it would be inequitable for the trial court to deem the insurance policy rescinded as it concerned Petite. The trial court disagreed with Petite and granted summary disposition in favor of Everest, stating that White's misrepresentation rendered the insurance policy void *ab initio* and that, because there was no insurance policy to enforce, Everest was not liable to Petite for PIP benefits. This appeal followed.

II. ANALYSIS

Petite argues on appeal that the trial court erred by granting summary disposition in favor of Everest given our Supreme Court's holding in *Bazzi v Sentinel Ins Co*, 502 Mich 390; 919 NW2d 20 (2018), that a trial court is required to balance the equities before holding that rescission is an appropriate remedy when an innocent third party is involved.[1] We agree.

We review de novo a trial court's decision on a motion for summary disposition. *Defrain v State Farm Mut Ins Co*, 491 Mich 359, 366; 817 NW2d 504 (2012). Although the trial court did not identify the subrule under which it granted summary disposition, it is apparent that the motion was granted under MCR 2.116(C)(10) because the trial court's consideration went beyond the parties' pleadings. *Kosmalski ex rel Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 59; 680 NW2d 50 (2004). A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim.

> Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In

---

[1] Everest argues on appeal that Petite failed to properly preserve his argument for review because, in the trial court, Petite did not rely on our Supreme Court's decision in *Bazzi*. While it is true that Petite failed to specifically cite *Bazzi*—a then-recent case from our Supreme Court that directly spoke to the question the trial court was attempting to decide—we nevertheless find that the argument is preserved. Review of the record shows that Petite argued before the trial court that it would be inequitable for the court to deny him PIP benefits because he was a third-party who was innocent of any misrepresentation in the procurement of the insurance policy. This is the same argument that Petite raises on appeal. Thus, we conclude that Petite's argument is preserved. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002) ("[T]hat plaintiff[] may not have fully briefed and argued th[e] issue in [his] lower court pleadings, or that [he] now cite[s] authority that the circuit court did not consider, does not preclude [him] from raising the issue on appeal.").

reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

In *Bazzi*, our Supreme Court held that an insurer may resort to traditional legal and equitable remedies—including rescission—on the basis of fraud in the application for insurance even when doing so would affect an innocent third party. However, our Supreme Court rejected the defendant insurance company's contention that it was "categorically entitled" to rescission of an insurance policy under circumstances in which an innocent third party was involved. *Bazzi*, 502 Mich at 408. The *Bazzi* Court held that, because the remedy of rescission was equitable in nature, it was not "a matter of right[,]" but could only be granted in the trial court's discretion. *Id.*, quoting *Amster v Stratton*, 259 Mich 683, 686; 244 NW 201 (1932). Specifically, in *Bazzi*, our Supreme Court held:

> When a plaintiff is seeking rescission, "the trial court must balance the equities to determine whether the plaintiff is entitled to the relief he or she seeks." *Johnson v QFD, Inc*, 292 Mich App 359, 370 n 3; 807 NW2d 719 (2011). Accordingly, courts are not required to grant rescission in all cases. For example, "rescission should not be granted in cases where the result thus obtained would be unjust or inequitable," *Amster*, 259 Mich at 686, or "where the circumstances of the challenged transaction make rescission infeasible," CJS, § 11, p 507. Moreover, when two equally innocent parties are affected, the court is "required, in the exercise of [its] equitable powers, to determine which blameless party should assume the loss . . . ." [*Lenawee Co Bd of Health v Messerly*, 417 Mich 17, 31; 331 NW2d 203 (1982)]. "[W]here one of two innocent parties must suffer by the wrongful act . . . of another, that one must suffer the loss through whose act or neglect such third party was enabled to commit the wrong." *Zucker v Karpeles*, 88 Mich 413, 430; 50 NW 373 (1891). "The doctrine is an equitable one, and extends no further than is necessary to protect the innocent party in whose favor it is invoked." *Id.*

> In this instance, rescission does not function by automatic operation of the law. Just as the intervening interest of an innocent third party does not altogether bar rescission as an equitable remedy, neither does fraud in the application for insurance imbue an insurer with an absolute right to rescission of the policy with respect to third parties. Equitable remedies are adaptive to the circumstances of each case, and an absolute approach would unduly hamper and constrain the proper functioning of such remedies. This Court has recognized that "[e]quity jurisprudence molds its decrees to do justice amid all the vicissitudes and intricacies of life" and that "[e]quity allows complete justice to be done in a case by adapting its judgments to the special circumstances of the case." *Tkachik v Mandeville*, 487 Mich 38, 45-46; 790 NW2d 260 (2010) (quotation marks omitted), citing *Spoon-*

*Shacket Co, Inc v Oakland Co*, 356 Mich 151, 163; 97 NW2d 25 [1959], and 27A Am Jur 2d, Equity, § 2, pp 520-521; see also *Lenawee*, 417 Mich at 29 (adopting a case-by-case approach to rescission when a "mistaken belief relates to a basic assumption of the parties upon which the contract is made, and which materially affects the agreed performances of the parties"), and Am Jur 2d, § 2, pp 548-549. [*Bazzi*, 502 Mich at 410-411.]

Based on the holding in *Bazzi*, we conclude that the trial court correctly determined that Everest was entitled to seek rescission of the insurance policy obtained by White through fraudulent misrepresentation. However, the trial court erred when it determined that Petite was automatically excluded from seeking benefits under the policy. Our Supreme Court's holding in *Bazzi* is clear: when an insurance company seeks rescission, the trial court's next step is to determine whether the insurance company's claim concerning the third-party is justified by the equities of the case. In this case, the trial court did not undertake this analysis. Consequently, we remand this matter to the trial court so that it can determine whether rescinding the insurance policy as between Everest and Petite would be equitable. See *id*. at 412.

We vacate the trial court's decision granting summary disposition to Everest and remand to the trial court for further proceedings consistent with the principles articulated in *Bazzi*. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron