# Syllabus

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kimberly K. Muschong

## SHERMAN v PROGRESSIVE MICHIGAN INSURANCE COMPANY

Docket No. 167826. Argued on application for leave to appeal December 11, 2025. Decided April 20, 2026.

Plaintiff, Janice Sherman, filed an action in the Washtenaw Circuit Court seeking to recover personal protection insurance (PIP) benefits through her insurer, defendant Progressive Michigan Insurance Company. Plaintiff purchased a no-fault insurance policy from defendant for two vehicles. Plaintiff was a passenger in one of her vehicles when an unidentified driver rear-ended the vehicle, injuring plaintiff. Defendant denied plaintiff's claim for PIP benefits after discovering that plaintiff had made material misrepresentations in her insurance application regarding where she garaged her vehicles and who resided with her. Defendant notified plaintiff that it was rescinding the policy *ab initio*, and it refunded the premium payments she had made. In her complaint, plaintiff alleged that defendant had unlawfully refused to pay her benefits and had breached the contract. Defendant moved for summary disposition, and the trial court, Carol Kuhnke, J., denied the motion and ordered reformation of the policy. Defendant filed an interlocutory appeal in the Court of Appeals, which reversed and remanded for entry of judgment in favor of defendant. Plaintiff moved for reconsideration, and the Court of Appeals, CAMERON, P.J., and N. P. HOOD and YOUNG, JJ., vacated its previous opinion and issued a new opinion clarifying the applicable standard of review, but again concluding that the trial court had erred by ordering reformation of the contract in light of the fact that the case involved misconduct by plaintiff but not by defendant. ___ Mich App ___ (Docket No. 364393) (September 5, 2024). Plaintiff applied for leave to appeal in the Supreme Court, which ordered oral argument on the application. ___ Mich ___; 20 NW3d 560 (2025).

In a unanimous opinion by Justice ZAHRA, in lieu of granting leave to appeal, the Supreme Court *held*:

A trial court's decision to grant or deny rescission is reviewed for an abuse of discretion, rather than de novo. The Court of Appeals applied the proper standards of review to determine (1) that there was no genuine issue of material fact that plaintiff misrepresented material information in her insurance application and that defendant relied on her misrepresentations, and (2) that the trial court abused its discretion by ordering reformation of the insurance policy rather than rescission.

1. Appellate courts must review a trial court's decision to grant or deny the equitable remedy of rescission for an abuse of discretion. Although decisions on equitable relief are generally reviewed de novo, decisions granting or denying rescissions and injunctions are reviewed for an abuse of discretion rather than de novo. Court of Appeals caselaw reflected some confusion about the proper standard of review when rescission was requested through a motion for summary disposition under MCR 2.116(C)(10). In such situations, multiple Court of Appeals opinions have recited the clear error standard for factual findings, even though summary disposition under MCR 2.116(C)(10) does not involve any factual findings but instead requires the trial court to view the facts in the light most favorable to the nonmoving party. When rescission is requested through a motion for summary disposition under MCR 2.116(C)(10), the appellate court must first determine de novo that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The appellate court must next determine whether the trial court abused its discretion in granting or denying the equitable remedy of rescission.

2. The Court of Appeals applied the proper standards of review and correctly concluded that (1) there was no genuine issue of material fact that plaintiff made misrepresentations and that defendant relied on her misrepresentations and would have issued plaintiff a different contract had it known the accurate information, and (2) the trial court abused its discretion in denying defendant rescission of the contract. The trial court, sitting in equity, should have examined defendant's conduct related to the procurement of the policy to determine whether rescission was the proper remedy. The record contained no allegation of wrongdoing against defendant. Therefore, defendant was entitled to rescission because it made no mistake, committed no fraud, and materially relied on plaintiff's misrepresentations when issuing her an insurance policy. Given the one-sided nature of the equities in this case, there was no plausible basis for the trial court to find that a result favoring plaintiff and disfavoring defendant was warranted as a matter of equity.

3. The Court of Appeals was not required to remand the case to the trial court to rebalance the equities after determining that the trial court abused its discretion. In previous cases, this Court has remanded to the trial court to weigh the equities when the trial court failed to conduct a rescission analysis in the first instance. Unlike those cases, the trial court here conducted a rescission analysis and abused its discretion in granting plaintiff reformation of the insurance policy. Remand for rebalancing the equities was unnecessary because the equities here were one-sided: plaintiff made material misrepresentations, there were no third-party interests at stake, and it was undisputed that defendant did not act improperly.

Affirmed.

Justice HOOD did not participate because he was on the Court of Appeals panel that issued the decision under review.

# OPINION

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

FILED  April 20, 2026

STATE OF MICHIGAN

SUPREME COURT

JANICE SHERMAN,

       Plaintiff-Appellant,

v                                  No. 167826

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

       Defendant-Appellee,

and

JOHN DOE,

       Defendant.

BEFORE THE ENTIRE BENCH (except HOOD, J.)

ZAHRA, J.

This dispute is over the rescission of an auto insurance policy due to misrepresentation. Plaintiff, Janice Sherman, was a passenger in one of her insured

vehicles when it was struck from behind by another vehicle. Sherman suffered injuries from the accident and sought to recover personal protection insurance (PIP) benefits through her insurer, defendant Progressive Michigan Insurance Company. Progressive discovered that Sherman had made material misrepresentations in her insurance application about where she garaged her vehicles and who resided with her. Had Sherman properly disclosed these facts, her premium would have increased by 83.2%. Because of these misrepresentations, Progressive denied coverage, stated that it had rescinded the policy, and refunded premiums previously paid by Sherman.

Sherman brought this lawsuit, claiming that Progressive had unlawfully refused to pay PIP benefits and had breached the insurance contract. Progressive moved for summary disposition, arguing that the policy was rescinded *ab initio* due to Sherman's material misrepresentations. The trial court denied Progressive's motion and reformed the policy to reflect Sherman's Detroit address and the premium increase. In a unanimous published opinion, the Court of Appeals reversed the trial court's order denying summary disposition and ordering reformation, and it remanded to the trial court for entry of a judgment in favor of Progressive.

The Court of Appeals correctly concluded that Progressive is entitled to summary disposition and that rescission is the proper remedy in light of Sherman's material misrepresentations. Sherman's application claimed a different garaging location for her vehicles than their actual location and did not disclose the presence of relatives who resided with her. Truthful disclosure of these pertinent facts would have significantly increased her insurance premium. Because there is no genuine issue of material fact as to Sherman's

2

misrepresentations, the Court of Appeals correctly determined that Progressive is entitled to summary disposition.[1]

Having concluded that the undisputed facts establish that Sherman made material misrepresentations in procuring insurance from Progressive, we must next consider whether Progressive is entitled to rescission of the insurance contract. We clarify that appellate courts must review a trial court's decision to grant or deny the equitable doctrine of rescission for an abuse of discretion.[2] The trial court's balance of the equities should have weighed the misrepresentations perpetrated by Sherman against the lack of evidence of any improper conduct by Progressive. The equities weighed entirely in favor of Progressive. Accordingly, the trial court abused its discretion when it ordered reformation, rather than rescission. We therefore affirm the judgment of the Court of Appeals.

---

[1] *Maiden v Rozwood*, 461 Mich 109, 118, 120; 597 NW2d 817 (1999) (explaining that appellate courts review de novo a trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10)).

[2] This Court has recognized that the decision to grant rescission as an equitable remedy is reviewed for an abuse of discretion. *Wilmore-Moody v Zakir*, 511 Mich 76, 85; 999 NW2d 1 (2023) ("[B]ecause rescission is an equitable remedy, it should be 'granted only in the sound discretion of the court.' ") (citation omitted); *Bazzi v Sentinel Ins Co*, 502 Mich 390, 409-411; 919 NW2d 20 (2018) ("Because a claim to rescind a transaction is equitable in nature, it 'is not strictly a matter of right' but is granted only in 'the sound discretion of the court.' ") (citation omitted); *Lenawee Co Bd of Health v Messerly*, 417 Mich 17, 31; 331 NW2d 203 (1982) ("Rescission is an equitable remedy which is granted only in the sound discretion of the court."); *Amster v Stratton*, 259 Mich 683, 686; 244 NW 201 (1932) ("Equitable relief by way of cancellation is not strictly a matter of right, but rather a remedy the granting of which rests in the sound discretion of the court.").

## I. FACTS AND PROCEDURAL HISTORY

In November 2020, Sherman applied to Progressive for a no-fault insurance policy for two vehicles, a Cadillac and a Chrysler. In her application, she identified both her address and the "garaging zip code" of her vehicles as Clinton Township. The application required Sherman to disclose the total number of resident-relatives 14 years of age or older and "all regular drivers" of her vehicles then residing in her household. Sherman identified herself as the sole resident and driver of the vehicles. She did not update this information when she renewed the policy six months later.

In July 2021, Sherman was a passenger in one of the insured vehicles when it was rear-ended by a hit-and-run driver.[3] She sought PIP benefits from Progressive because she was injured. Progressive notified Sherman that it was denying coverage and rescinding the policy *ab initio* because she had misrepresented material information in her application. Sherman did not in fact garage her cars in Clinton Township but instead at an address in Detroit. Further, Sherman had resident-relatives who were not listed on her application.[4]

---

[3] The driver of the vehicle that hit her has never been identified.

[4] According to Sherman, she was mostly living with her daughter in Clinton Township at the time she applied for the policy because her Detroit home was uninhabitable for about a year due to flooding. Sherman claims that she never attempted or intended to defraud anyone and that she met with an insurance agent who completed the insurance application. With that said, Sherman acknowledged in deposition testimony that at the time of the accident, she was residing at the Detroit address with her adult son. She also acknowledged that one of her insured vehicles was garaged at her brother's address. There is no dispute that Sherman never identified her son or daughter in the insurance application, and she did not indicate to Progressive that one of her insured vehicles was garaged at her brother's address. The improper garaging location was identified by Progressive in its initial rescission letter to Sherman, while the additional misrepresentations were discovered during litigation.

4

Progressive estimated that this information would have increased Sherman's premium by 83.2%. Progressive refunded all the premium payments ($1,491.54) that Sherman had paid.

Sherman then filed the complaint in this case, alleging that Progressive had unlawfully refused to pay PIP benefits and breached the insurance contract. Progressive moved for summary disposition, arguing that Sherman's material misrepresentations meant that the policy was void and that she was not entitled to benefits. Progressive uncovered evidence of Sherman's material misrepresentations, including the location where the vehicles were garaged and the identity of Sherman's resident-relatives. Sherman disagreed that the policy was void, contending that rescission is not an automatic remedy in a case where fraud is alleged. Instead, Sherman argued for a remedy tailored to the equities of the situation in order to produce what she contended was a fair result for all parties. Agreeing with Sherman, the trial court denied Progressive's motion for summary disposition and ordered that the policy be reformed to reflect the "insurance premium that [Progressive] believes it would have been entitled to had the insured listed Detroit as the residence." The trial court also required Sherman to repay the refunded $1,491.54, plus an additional 75.5% policy premium increase of $1,126.11 to reflect the Detroit address—a total of $2,617.65—within 14 days. The trial court denied Progressive's motion for reconsideration.

Progressive applied for leave to appeal the trial court's interlocutory order denying its motion for summary disposition, and the Court of Appeals granted the application. In a unanimous opinion, the Court of Appeals reversed the trial court's order denying summary disposition and ordering reformation, and it remanded the case to the trial court

5

for further proceedings, including entry of judgment in favor of Progressive. Sherman moved for reconsideration, arguing in pertinent part that the Court of Appeals had applied the wrong standard of review. The Court of Appeals entered an order granting the motion, vacating its previous opinion, and issuing a new published opinion. The new opinion clarified the standard of review, particularly the abuse-of-discretion standard that applies when reviewing a trial court's decision to reform or rescind an insurance contract. Nonetheless, the Court of Appeals reached the same result, concluding: "Because this case involves misconduct by Sherman, but not Progressive, the trial court erred to the extent it concluded Progressive should bear the financial risk and it abused its discretion in ordering the insurance policy reformed."[5] The Court of Appeals denied Sherman's subsequent motion for reconsideration.

Sherman has now applied for leave to appeal in this Court. This Court ordered oral argument on the application, directing the parties to address the following issues:

> (1) whether the Court of Appeals applied the proper standard of review in its consideration of the trial court's factual findings made in connection with a decision to grant or deny equitable rescission; (2) if not, the standard of review that should have been applied; and (3) if the trial court erred in its determination, whether the Court of Appeals should have remanded to the trial court to allow it to rebalance the equities in the first instance.[6]

---

[5] *Sherman v Progressive Mich Ins Co (On Reconsideration)*, ___ Mich App ___, ___; ___ NW3d ___ (September 5, 2024) (Docket No. 364393); slip op at 1.

[6] *Sherman v Progressive Mich Ins Co*, ___ Mich ___, ___; 20 NW3d 560, 560 (2025).

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo.[7] "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint."[8] Summary disposition is properly granted under MCR 2.116(C)(10) if there is no "genuine issue regarding any material fact, [and] the moving party is entitled to judgment as a matter of law."[9] "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."[10] In considering a motion under this rule, a trial court must consider the "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion."[11]

Today, we clarify that appellate courts must review a trial court's decision to grant or deny the equitable remedy of rescission for an abuse of discretion.[12] Although decisions

---

[7] *Rozwood*, 461 Mich at 118.

[8] *Id*. at 120.

[9] *Id*.

[10] *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003) (citations omitted).

[11] *Rozwood*, 461 Mich at 120.

[12] *Wilmore-Moody*, 511 Mich at 85 ("[B]ecause rescission is an equitable remedy, it should be 'granted only in the sound discretion of the court.' ") (citation omitted); *Bazzi*, 502 Mich at 409 ("Because a claim to rescind a transaction is equitable in nature, it 'is not strictly a matter of right' but is granted only in 'the sound discretion of the court.' ") (citation omitted); *Lenawee Co Bd of Health*, 417 Mich at 31 ("Rescission is an equitable remedy which is granted only in the sound discretion of the court."); *Amster*, 259 Mich at 686 ("Equitable relief by way of cancellation is not strictly a matter of right, but rather a remedy the granting of which rests in the sound discretion of the court.").

We note that when there is a legal question as to whether rescission is an available remedy in a certain type of case, appellate courts first answer that question de novo.

7

on equitable relief are generally reviewed de novo,[13] there are some equitable remedies, such as injunctions, that are reviewed for an abuse of discretion.[14]  For purposes of determining the standard of review, rescissions have traditionally aligned with injunctions.

---

*Wilmore-Moody*, 511 Mich at 83 ("[T]he application of an equitable doctrine such as rescission is . . . reviewed de novo.").  If the question, like in this case, solely concerns the trial court's ultimate decision to grant or deny rescission, appellate courts review the trial court's balance of the equities for an abuse of discretion.  *Id*. at 85 (explaining later in the opinion that rescission "should be granted only in the sound discretion of the court") (quotation marks and citation omitted).

*Wilmore-Moody* resolved only the first question because the issue being appealed involved a question of law, i.e., whether rescission was an available remedy in that type of case, and did not concern the trial court's discretionary exercise of equity in granting or denying rescission.  Specifically, the issue before the Court in *Wilmore-Moody* was whether a third party could use the rescission of an insurance policy as a defense to avoid liability for noneconomic damages.  This Court, reviewing de novo, held that "[r]escission by the insurer postaccident is not a defense that can be used by a third-party tortfeasor to avoid liability for noneconomic damages."  *Id*. at 79.  Unlike *Wilmore-Moody*, the parties in the case at hand do not dispute that rescission is an available legal remedy since both Progressive and Sherman were parties to the rescinded insurance policy.

[13] *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008) ("[W]hether equitable relief is proper under [the] facts is a question of law that an appellate court reviews de novo."); see also *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498, 509; 968 NW2d 482 (2021) (explaining that the doctrine of equitable subrogation is reviewed de novo).

[14] See, e.g., *Pontiac Fire Fighters Union Local 376 v City of Pontiac*, 482 Mich 1, 8; 753 NW2d 595 (2008).  See also *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 33 n 12; 896 NW2d 39 (2016) (noting an inconsistency in the Court of Appeals' caselaw regarding the standard of review for injunctive relief—de novo versus abuse of discretion—but pointing out that this Court's recent cases had used the abuse-of-discretion standard for review of injunctions).

Decisions granting or denying rescissions and injunctions are reviewed for an abuse of discretion rather than de novo—unlike equitable relief more generally.[15]

Court of Appeals caselaw reflects some confusion about the proper standard of review when rescission is requested through a motion for summary disposition under MCR 2.116(C)(10). In such situations, multiple Court of Appeals opinions have recited the clear error standard of review for factual findings, even though summary disposition under MCR 2.116(C)(10) involves *no* factual findings but instead requires the trial court to view the facts in the light most favorable to the nonmoving party.[16] The confusion seems to stem from *Pioneer State Mut Ins Co v Wright*,[17] which invoked the clear error standard of review when discussing rescission, even though the case involved the review of a trial court's ruling on an MCR 2.116(C)(10) motion.[18] We clarify that when rescission is requested through a motion for summary disposition brought under MCR 2.116(C)(10), the appellate court must first determine, de novo, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Then, the appellate court must

---

[15] See, e.g., *Bazzi*, 502 Mich at 409-410; *Lenawee Co Bd of Health*, 417 Mich at 31; *Amster*, 259 Mich at 686.

[16] See *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) ("[A] court may not make findings of fact; if the evidence before it is conflicting, summary disposition is improper.") (quotation marks, citation, and emphasis omitted).

[17] *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020).

[18] See *Allstate Ins Co v Fremont Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued June 6, 2024 (Docket No. 365617), p 1 (SWARTZLE, J., dissenting) (arguing that the *Pioneer* "standard of review is wrong insofar as it permits an appellate court to review a 'trial court's factual findings' for 'clear error' when, as here, the trial court's decision was made under MCR 2.116(C)(10)"), quoting *Pioneer State Mut Ins Co*, 331 Mich App at 405.

next determine whether the trial court abused its discretion in granting or denying the equitable remedy of rescission.

## III. ANALYSIS

The Court of Appeals in the instant case applied the proper standards of review to conclude (1) there is no genuine issue of material fact that Sherman misrepresented material information in her insurance application and Progressive relied on her misrepresentations, and (2) the trial court abused its discretion when it ordered reformation of the insurance policy rather than rescission.

Broadly speaking, the no-fault act[19] requires insurers to provide PIP benefits to their insureds regardless of who is at fault for an injury. However, "an insurer has a reasonable right to expect honesty in the application for insurance[.]"[20] Accordingly, "an insurance policy procured by fraud may be declared void *ab initio* at the option of the insurer."[21] A misrepresentation is material if the insurer would have rejected the risk or charged an increased premium and would not have issued the same contract had it been given the correct information.[22] The three types of misrepresentation "include actionable fraud, also known as fraudulent misrepresentation; innocent misrepresentation; and silent fraud, also known as fraudulent concealment."[23]

---

[19] MCL 500.3101 *et seq*.

[20] *Bazzi*, 502 Mich at 407.

[21] *Id*. at 408.

[22] See *Oade v Jackson Nat'l Life Ins Co*, 465 Mich 244, 255; 632 NW2d 126 (2001).

[23] *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012).

10

Rescission "does not 'function by automatic operation of the law.' "[24] The right of rescission is not absolute because equitable remedies depend on the circumstances.[25] Courts " 'must balance the equities' " to determine whether rescission is appropriate.[26] And of course, rescission is not always the appropriate remedy.[27] If, for instance, the insurance contract violates public policy, reformation rather than rescission of the contract is proper.[28] Reformation is also possible if a party can prove "a mutual mistake of fact, or mistake on one side and fraud on the other, by clear and convincing evidence."[29]

Here, we agree with the Court of Appeals that rescission is the proper remedy. As noted above, when rescission is requested through a motion brought under MCR 2.116(C)(10), the appellate court must consider the facts in the light most favorable to the nonmoving party and first determine, de novo, that there is no genuine issue of material

---

[24] *Wilmore-Moody*, 511 Mich at 85, quoting *Bazzi*, 502 Mich at 411.

[25] *Bazzi*, 502 Mich at 411.

[26] *Id*. at 410, quoting *Johnson v QFD, Inc*, 292 Mich App 359, 370 n 3; 807 NW2d 719 (2011).

[27] See *Titan Ins Co*, 491 Mich at 557-558 ("Fraud in the procurement of the contract may be . . . grounds to retroactively avoid contractual obligations through traditional legal and equitable remedies such as cancellation, rescission, or reformation.") (citation omitted); *US Fidelity & Guaranty Co v Black*, 412 Mich 99, 134; 313 NW2d 77 (1981) (In cases of innocent misrepresentation, the court "must decide which remedy would be the most equitable under the unique circumstances of the case[,] . . . such as reformation, restitution, or partial enforcement of the contract[.]").

[28] *Johnson v USA Underwriters*, 328 Mich App 223, 238; 936 NW2d 834 (2019).

[29] *Id*. at 234 (quotation marks and citation omitted).

11

fact.[30]  The Court of Appeals correctly determined, de novo, that no genuine issue of material fact existed regarding Sherman's misrepresentations of material information in the policy application and Progressive's reliance on her misrepresentations.  Sherman misrepresented information about where the vehicles were garaged and the relatives who lived with her.  Regardless of whether Sherman's misrepresentations were innocent,[31] rescission "is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer"[32] and is material.  Relying on Sherman's misrepresentations, Progressive gave Sherman a much lower rate than it would have had it received accurate information.[33]  Thus, there is no genuine issue of material fact that Sherman made misrepresentations and that Progressive would have issued Sherman a different contract had it known the accurate information.

---

[30] *Rozwood*, 461 Mich at 118, 120 (explaining that appellate courts review de novo a trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10)).

[31] The Court of Appeals confusingly refers to Sherman's misrepresentations as fraudulent in some parts of the opinion while stating elsewhere that "we reject Progressive's argument for fraudulent misrepresentation" and that Sherman's misrepresentations were "innocent." *Sherman*, ___ Mich App at ___; slip op at 4.  Regardless, intent does not matter for purposes of the conclusion that Sherman made material misrepresentations and that those misrepresentations allow Progressive to rescind the policy.

[32] *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 446; 889 NW2d 759 (2016) (quotation marks and citation omitted).

[33] Progressive's underwriting specialist submitted an affidavit stating that Progressive would have charged a 7.7% higher premium had Sherman accurately disclosed the number of drivers and resident-relatives at the reported address, and a 75.5% increased premium had Sherman disclosed her permanent Detroit residence.  Progressive relied on Sherman's misrepresentations, as stated in the specialist's affidavit, to determine a lower premium for coverage than what Progressive would otherwise have charged.

The next step in the analysis is determining whether the trial court abused its discretion in denying Progressive rescission of the contract. The trial court, sitting in equity, should have examined Progressive's conduct related to the procurement of the policy to determine whether rescission is the proper remedy. The record contains no allegation of wrongdoing or inequitable conduct on Progressive's part. Clearly then, Progressive is entitled to rescission, given that Progressive made no mistake, committed no fraud, and materially relied on Sherman's misrepresentations when issuing her an insurance policy. Given the one-sided nature of the equities in this case, there was no plausible basis for the trial court to find that a result favoring Sherman and disfavoring Progressive was warranted as a matter of equity. This inequitable result was an abuse of discretion. Accordingly, the Court of Appeals correctly applied the abuse-of-discretion standard when determining that the trial court improperly denied rescission in favor of Progressive.

In holding that the trial court abused its discretion, the Court of Appeals was not required to remand to the trial court to allow it to rebalance the equities. Sherman argues that the Court of Appeals was required to do so, relying on this Court's opinions in *Bazzi v Sentinel Ins Co*[34] and *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*,[35] in which this Court remanded to the trial court to consider whether, in its discretion, rescission was an available remedy. But those cases are distinguishable from the case at hand. In *C-*

[34] *Bazzi*, 502 Mich at 396, 410.

[35] *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich ___, ___; ___ NW3d ___ (July 3, 2025) (Docket No. 165537); slip op at 4.

13

*Spine*, we remanded to the trial court to weigh the equities because the trial court never engaged in a rescission analysis in the first instance and instead accepted the plaintiff's assertions that her assignments of PIP benefits to third parties had been rescinded, allowing the case to proceed.[36] Similarly, in *Bazzi*, the trial court did not conduct a rescission analysis in the first instance because the trial court incorrectly thought that the innocent-third-party rule categorically barred rescission.[37] Unlike those cases, the trial court here did conduct a rescission analysis and abused its discretion in granting Sherman reformation of the policy.

A remand for rebalancing of the equities is unnecessary in this case. Sherman is the party who committed material misrepresentations, there are no third-party interests at stake, and, as properly recognized by the Court of Appeals, it is undisputed that Progressive did not act improperly. The equities are therefore one-sided and requiring a remand to "rebalance" them would be both unnecessary under Michigan law and a waste of judicial resources. Because the record is complete and the equities overwhelmingly favor

---

[36] *Id*. at ___; slip op at 33-35.

[37] *Bazzi*, 502 Mich at 397. In *Bazzi*, the defendant-insurer moved for summary disposition of the plaintiff's claim, arguing that rescission of the policy made it void *ab initio* and precluded recovery under the policy. *Id*. The trial court denied the insurer's motion "on the basis of the innocent-third-party rule, which prevents an insurer from rescinding an insurance policy on the basis of material misrepresentations in the application for insurance as to a claim made by a third party who is innocent of the fraud." *Id*. The Court of Appeals reversed the trial court. *Id*. The *Bazzi* Court held that *Titan* abrogated the innocent-third-party rule and reversed the portion of the Court of Appeals' decision that held that the insurer was automatically entitled to rescission. *Id*. at 398. The *Bazzi* Court remanded to the trial court to determine whether, in its discretion, rescission of the insurance policy was available since it did not do so in the first instance. *Id*. at 412.

14

rescission, the Court of Appeals correctly determined that Progressive is entitled to rescission of the policy.

## IV. CONCLUSION

When rescission is requested through a motion brought under MCR 2.116(C)(10), the appellate court must first determine, de novo, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law on the underlying claim. Then, the appellate court must review a trial court's decision to grant or deny the equitable doctrine of rescission for an abuse of discretion. The Court of Appeals correctly did so here. We therefore affirm the judgment of the Court of Appeals.

Brian K. Zahra
Megan K. Cavanagh
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas

HOOD, J., did not participate because he was on the Court of Appeals panel that issued the decision under review.

15